### E. SCOTT BOWERS v. NORMAN E. MITCHELL.

(Filed 7 November 1962.)

**1. Trespass to Try Title § 2—**

Defendant's denial of plaintiff's allegations of title and trespass places the burden on plaintiff to establish each of these allegations.

**2. Adverse Possession § 6—**

Where plaintiff offers no evidence of actual possession by his predecessors in title, deed to such predecessors is without significance in determining plaintiff's claim of title by adverse possession under color.

**3. Adverse Possession § 16—**

Where plaintiff claims under separate deeds to separate tracts of land, even though the tracts are contiguous and comprise collectively the *locus in quo,* plaintiff's possession of a single tract is not constructively extended to the entire area.

**4. Trespass to Try Title § 4—**

In plaintiff's action for trespass to try title, nonsuit cannot be allowed if plaintiff's evidence is sufficient to establish *prima facie* his title and defendant's trespass as to any part of the land claimed, but nonsuit is proper if plaintiff fails to establish title to any portion of the tract.

**5. Same; Adverse Possession § 6—**

Where plaintiff's claim of title to two tracts of land by adverse possession under color is based upon deeds executed to him by his brother and his sister, conveying land formerly owned by his father, the deeds being executed less than seven years prior to the institution of the action, and plaintiff's evidence shows that his father died testate, presumably disposing of all his property, but plaintiff fails to introduce his father's will in evidence, there is a *hiatus* in plaintiff's chain of title, and plaintiff's evidence fails to show possession under color for the requisite time.

**6. Adverse Possession § 2—**

In order to be adverse, possession must be continuous, open, and notorious so as to put the true owner on notice of the adverse claim, and

therefore must be sufficient to subject the occupant to an action in eject-
ment as distinguished from a mere trespass *quare clausum fregit.*

**7. Adverse Possession § 23—**

The introduction in evidence by plaintiff of deeds executed more than
seven years prior to the institution of the action, conveying the land to
him, with testimony that plaintiff had had the land surveyed and given
to others an unexercised permission to hunt, and had executed timber
deeds granting the right to cut timber therefrom for a period not ex-
ceeding three years, but without evidence that plaintiff or his predeces-
sors in title had been in the actual, hostile, exclusive and continuous
possession of the land for a period of seven years, *is held* insufficient to
overrule nonsuit.

**8. Adverse Possession § 2—**

The giving of permission to hunt on the land, which authority is not
exercised, is evidence of an adverse claim but does not amount to adverse
possession.

**9. Adverse Possession § 20—**

The provision of G.S. 1-42 does not declare that one who claims title,
relying merely on a paper writing more than thirty years old, thereby
acquires title to land described in that instrument, nor does it es-
tablish title *prima facie.*

APPEAL by plaintiff from *Morris, J.,* April 1962 Term of NORTHAMP-
TON.

Plaintiff seeks to recover $13,500, double the alleged value of timber
cut and removed by defendant from an area described by course and
distance as "containing 64.9 acres. . . and being lots 13, 19, 20, 21,
22, 23, 24, and 25 in the division of that tract of land known as the
'Woodruff Tract,' made in that special Proceeding entitled *'William
Clarke, Walter Clarke, John Davis, et al., v. James Williams, Thomas
Williams, Thomas Johnson, et al."* Plaintiff alleges he is the owner and
in possession of the 64.9 acres described by course and distance in the
complaint.

Defendant denied plaintiff's allegations of ownership, possession,
and trespass. At the conclusion of plaintiff's evidence, defendant's
motion for nonsuit was allowed. Plaintiff appealed.

*J. A. Pritchett and Eric Norfleet for plaintiff appellant.*
*Gay, Midyette & Turner by Buxton Midyette for defendant appellee.*

RODMAN, J.  The denial of plaintiff's allegations of title and tres-
pass placed the burden on plaintiff of establishing each of these
allegations. *Cothran v. Motor Lines,* 257 N.C. 782; *Shingleton v.
Wildlife Comm.,* 248 N.C. 89, 102 S.E. 2d 402; *Carson v. Mills &
Burnett,* 18 N.C. 546.

Plaintiff made no attempt to trace title to the sovereign or to show that defendant was estopped to deny plaintiff's title.

Plaintiff contends he acquired title to the 64.9 acres by his adverse possession under color of title for the statutory period or by deeds vesting him with his father's title acquired by adverse possession. To support his contention plaintiff offered: (1) A deed from his mother to him dated 31 December 1953. This deed purports to convey lots 13, 21, 22, 23, 24, and 25 shown on a map of the Woodruff Division. (2) A deed from his sister to him dated 18 September 1957 purporting to convey all her right, title, and interest in lots 19 and 20 of that division. (3) A deed from F. J. Bowers and wife to plaintiff dated 26 January 1962 purporting to convey all of grantors' right, title, and interest to lots 19 and 20 of the Woodruff Division. (4) A partition proceeding known as the Woodruff Division, made in 1902, and various deeds to plaintiff's father for lots 13, 19, 20, 21, 22, 23, 24, and 25 in that division.

The map and testimony of a surveyor suffice to show the location of these several lots. They are contiguous. The area described in the complaint is a composite of the areas of the eight separate tracts.

Plaintiff has no deed or other conveyance for a single tract as described in the complaint. Hence he does not have color of title for the land so described. What he has is color of title for eight separate and distinct pieces of land. *Burns v. Crump,* 245 N.C. 360, 95 S.E. 2d 906.

Plaintiff put in evidence a deed from W. F. Kell and wife to George Foreman and others dated 26 November 1896. That deed purports to convey a tract containing 166 acres. Plaintiff offered no evidence to show the grantees in that conveyance ever had possession of the land there described. Because of the failure to offer evidence of possession by the grantees in that deed, it has no significance in disposing of this appeal. All the conveyances subsequent to 1896 were for small specific parts, i.e., for areas described in the partition proceeding.

Subject to the qualification noted in the third headnote to *Boomer v. Gibbs,* 114 N.C. 76, the possession of one claiming under color is constructively extended to the entire area described in the instrument under which he asserts title. But possession of a single tract is not constructively extended to a separate and distinct tract even though both tracts are described in the same conveyance. *Carson v. Mills & Burnett, supra; Loftin v. Cobb,* 46 N.C. 406; *Lumber Co. v. Cedar Works,* 168 N.C. 344, 84 S.E. 523; 3 Am. Jur. 2d 111, 112; 2 C.J.S. 783.

Plaintiff was not required to show title to all of the land described in the complaint. The court should have overruled the motion to nonsuit and submitted the controversy to the jury as to those portions, if any, on which plaintiff had made a *prima facie* showing of title and trespass.

Hence we must examine the evidence to see if there is any showing of possession and trespass on any of the lots.

Plaintiff asserts title to lots 19 and 20 by virtue of deeds from his brother and sister. Their deeds were dated 1957 and 1962. This action was begun in July 1961. There is no suggestion that the brother or sister had color of title. Their father claimed these lots. But plaintiff's evidence shows the father died testate, leaving lots 13, 21, 22, 23, and 24 to plaintiff's mother. The will is not copied in the record. It is neither stated nor implied the father devised these lots to the plaintiff or to his brother or sister. Presumably the father disposed of all of his property by his will, leaving nothing for his children to inherit. *Trust Co. v. Waddell*, 234 N.C. 454, 67 S.E. 2d 651. There is no evidence to support a finding that plaintiff is the owner of lots 19 and 20.

Has plaintiff made a *prima facie* showing of title to lots 13, 21, 22, 23, 24, and 25 conveyed to him by his mother in 1953? Her deed is color of title and of sufficient age to permit plaintiff to acquire title by possession. He testified he had been in possession of the area "a number of years." He does not say how many years—two, three, four, or what. He does not in any way describe "possession" except to say he had it surveyed and gave permission to hunt. The authorization so given, but not exercised, is evidence of an adverse claim but can scarcely be described as possession. It is like payment of taxes. *Chisholm v. Hall*, 255 N.C. 374, 121 S.E. 2d 726; *Ruffin v. Overby*, 88 N.C. 369. To convert the shadow of color of title into perfect title, possession must be continuous, open, notorious, as well as adverse. It must be of such character as to put the true owner on notice of the adverse claim. It must suffice to subject the occupant to an action in ejectment as distinguished from a mere trespass *quare clausum fregit*. *Lindsay v. Carswell*, 240 N.C. 45, 81 S.E. 2d 168, and cases cited; *Bland v. Beasley*, 145 N.C. 168.

The evidence is insufficient to establish *prima facie* plaintiff's possession under color for the requisite time to mature title. There is no evidence to show that the mother, in the four years that she had color, was ever in possession of the property. There is no evidence of any possession by the grantors of plaintiff's father. Unless the father had possession for sufficient time to mature title under color, plaintiff must fail. Plaintiff testified with respect to his father's possession as follows: "During my lifetime I know that they sold the timber when I was in high school. My father used to give permission to hunt there. . . . There has been no cleared land on it since I have known it. . . . The land is not located in such position that one would gather pine-straw from it. It is situate along a swamp approximately three miles long. It is not the sort of land you would gather pine-straw or build

a hunting lodge." This evidence, standing alone, clearly would not suffice to show seven years' continuous, open, notorious, and adverse possession of any particular lot, nor of all the lots. To supplement this testimony, plaintiff offered in evidence two timber deeds: One, a deed to Camp Manufacturing Co. dated 31 July 1914, authorizing Camp to cut timber eight inches and over in diameter on lots 19, 21, and 23. The right to cut expired 15 May 1916. The other was a timber deed to L. H. Taylor dated in 1931. It authorized Taylor to cut and remove the timber from lots 19, 20, 21, 22, 23, and 24. The period in which grantee could cut and remove was limited to three years. Neither of these deeds purports to authorize the cutting of timber from lot 25. If plaintiff's testimony that timber was cut when he was in high school referred to cutting by Taylor, it does not show how long the grantee took to cut the timber from any of the lots nor does it show on which lot timber was cut. It affirmatively appears that the authorized time to cut was less than seven years. Plaintiff's evidence fails to establish possession of the kind and for the period requisite to ripen the color of title into true title.

Appellant does not suggest the proviso added to G.S. 1-42 by c. 469, S.L. 1959, made a *prima facie* case of title requiring the court to submit his claim to the jury. We refer to the statute because defendant, appellee, makes reference to it in his brief, insisting that it has no application to the facts of this case. Suffice it to say, the statute does not declare that one who claims title, relying merely on a paper writing more than thirty years old, thereby acquires title to the land described in the instrument, nor does it establish title *prima facie*.

The judgment is

Affirmed.