ARTHUR H. FREEMAN AND LILLIAN S. FREEMAN v. CITY OF CHARLOTTE, A MUNICIPAL CORPORATION.

(Filed 28 February, 1968.)

**1. Trespass to Try Title § 1—**
    When one wrongfully enters upon the land of another and cuts trees thereon, the owner of the land has an election of remedies.

**2. Trespass to Try Title § 4;   Ejectment § 10—**
    In an action to recover for trespass on a tract of land by the cutting and removal of timber therefrom, the failure of plaintiffs to prove their title to the land by some recognized method does not warrant judgment as of nonsuit when one of the plaintiffs testifies without objection that they are the owners of the tract and when the defendant's witnesses refer to the land as the plaintiffs' tract.

**3. Appeal and Error § 59;   Trial § 21—**
    In passing upon a motion for judgment of involuntary nonsuit, evidence offered by plaintiff and not challenged by defendant must be treated as before the jury with all its probative force.

**4. Appeal and Error § 45—**
    Exceptions in the record not set out in appellant's brief and in support of which no reason or argument is stated or authority cited will be deemed abandoned. Rule of Practice in the Supreme Court No. 28.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Froneberger, J.*, and a jury, April 10, 1967 Session, Schedule B, of MECKLENBURG, docketed and argued as No. 288 at Fall Term 1967.

Plaintiffs alleged they were the owners and in possession of a tract of land in Berryhill Township, Mecklenburg County, N. C., containing 7.05 acres and shown as Tract No. 11 on plat of the I. H. Freeman Estate property dated September, 1956, and recorded in Map Book 7, Page 845, Mecklenburg Registry, made by Edwin L. Faires, Registered Surveyor; that defendant wrongfully and unlawfully entered upon their said lands and cut and removed timber therefrom; and that defendant, by its said unlawful acts and trespasses, "permanently damaged the lands of the plaintiffs" in the amount of $8,000.00.

Answering, defendant denied, for lack of knowledge or information sufficient to form a belief, plaintiffs' allegations as to their ownership and possession of said 7.05-acre tract. Defendant also denied plaintiffs' allegations as to trespass and damages, alleging: "(T)he true facts being that plaintiffs granted specific permission to the defendant to enter and cut timber on their property."

The issues submitted and the jury's answers, are as follows:

"1. Are the plaintiffs the owners of the 7.05-acre tract of land in Berryhill Township, Mecklenburg County, as alleged in the Complaint? ANSWER: Yes. 2. Did the defendant wrongfully trespass upon the land of the plaintiffs in cutting and removing timber, as alleged in the Complaint? ANSWER: Yes. 3. What amount, if any, are the plaintiffs entitled to recover for damages to their land by reason of such trespass? ANSWER: $3,500.00."

In accordance with the verdict, it was adjudged that plaintiffs have and recover of defendant the sum of $3,500.00 and their costs. Defendant excepted and appealed.

*Howard B. Arbuckle, Jr., for plaintiff appellees.*
*Paul L. Whitfield for defendant appellant.*

BOBBITT, J. Defendant, in its brief, presents this question for decision: "Did the court err in overruling defendant's motion of nonsuit at the close of plaintiffs' evidence, renewed at the close of all the evidence, in failing to charge the jury as to the burden of proof

on the plaintiffs where title to real estate is in issue, and in signing and entry of judgment?"

When one wrongfully enters upon the land of another and cuts trees thereon, the owner of the land has an election of remedies. *Andrews v. Bruton*, 242 N.C. 93, 96, 86 S.E. 2d 786, 789, and cases cited. Plaintiffs elected to sue for permanent damage to their 7.05-acre tract. With reference to the third (damages) issue, the court instructed the jury: "The measure of damages for the wrongful trespass upon realty in the cutting and removing timber is the difference in the value of the land immediately before and immediately after the trespass." Plaintiffs' evidence as to damages was directed towards the difference between the reasonable market value of the 7.05-acre tract immediately before and immediately after the alleged trespass thereon by defendant.

Admittedly plaintiffs failed to prove their title to the 7.05-acre tract by any method approved in *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142, and decisions in accord therewith. On account of such failure, defendant contends the court erred (1) in the denial of its motion(s) for judgment of nonsuit, and (2) in the failure to instruct the jury that plaintiffs were required to establish their title by such method.

Much of the discussion in the briefs bears upon whether plaintiffs were required to establish their title according to the rules applicable in an action in ejectment or of trespass to try title. However, disposition of the present appeal does not depend upon the answer to that question.

Arthur H. Freeman, one of the plaintiffs, and each of three other witnesses, testified, without objection, that plaintiffs were the owners of the 7.05-acre tract. The admissibility of this testimony not having been challenged, it must be treated as before the jury with all its probative force. *Lambros v. Zrakas*, 234 N.C. 287, 66 S.E. 2d 895; *Durham v. Trucking Co.*, 247 N.C. 204, 207, 100 S.E. 2d 348, 351; *Cotton Mills v. Local 578*, 251 N.C. 218, 229-230, 111 S.E. 2d 457, 464; Stansbury, N. C. Evidence, Second Edition, § 27. This evidence was sufficient to warrant the submission of the first issue and to support the jury's affirmative answer thereto. *Skipper v. Yow*, 249 N.C. 49, 56, 105 S.E. 2d 205, 210, and cases cited.

One of the witnesses for defendant, testifying on direct examination, pointed out where he lived "in relation to the plaintiffs' 7.05-acre tract," and referred to the cutting of timber upon an adjoining tract owned by his sister "about the same time that the timber was cut on the Arthur Freeman tract." The only other witness for defendant, testifying on direct examination, stated he was aware "that Mr.

Arthur Freeman's three acres of trees were cut to ground level." Defendant offered no evidence to support its allegation "that plaintiffs granted specific permission to the defendant to enter and cut timber on their property." The only evidence offered by defendant tended to minimize the damage to the 7.05-acre tract as a result of the cutting and removal of timber therefrom.

Exceptions to the admission over defendant's objection of certain documents are not brought forward and assigned as error. The only reference thereto in defendant's brief bears upon their insufficiency to warrant submission of the first issue to the jury. "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him." Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783, 810.

Defendant having failed to show prejudicial error, the verdict and judgment will not be disturbed.

No error.

HUSKINS, J., took no part in the consideration or decision of this case.