R. EDGAR WOODARD v. JULIAN E. MARSHALL AND SMITHFIELD
LUMBER COMPANY, INC.

No. 7211DC15

(Filed 29 March 1972)

1. **Rules of Civil Procedure § 50— motion for directed verdict — waiver
   by offering evidence**

   By offering evidence, defendants waived their motions for directed
   verdicts made at the close of plaintiff's evidence.

2. **Trespass § 8; Trespass to Try Title § 1— permanent damages to free-
   hold — possession of land**

   The possession of real property is not a sufficient interest upon
   which to base a recovery for permanent damages to the freehold.

3. **Trespass to Try Title § 2— wrongful removal of timber — proof of
   title and trespass**

   In an action to recover damages for the unlawful cutting and
   removal of timber, defendants' denial of plaintiff's allegations of title
   and trespass placed the burden on plaintiff to establish such allega-
   tions.

4. **Trespass to Try Title § 2— wrongful removal of timber — proof of title**

   In order to recover damages for the wrongful cutting and removal
   of timber, plaintiff must show title by one of the methods set forth in
   *Mobley v. Griffin*, 104 N.C. 112, that he is the owner of the land
   from which the timber was cut. G.S. 1-539.1.

5. **Trespass to Try Title § 4— wrongful removal of timber — proof of title**

   In an action to recover damages for the wrongful cutting and
   removal of timber, plaintiff's evidence was insufficient to establish
   title by one of the approved methods, where it tended to show only
   that plaintiff's father conveyed the land to plaintiff in 1935 and that
   the timber in controversy was cut from land embraced within the
   description in plaintiff's deed.

APPEAL by defendants from *Morgan, District Judge,* June
1971 Session of District Court held in JOHNSTON County.

Plaintiff instituted this action to recover the actual value
and penalty (G.S. 1-539.1) for timber unlawfully cut from
plaintiff's property. The jury returned a verdict in favor of
plaintiff for the sum of $593.32, and, pursuant to G.S. 1-539.1,
judgment was entered awarding to plaintiff damages against
defendant in the sum of $1186.64. Defendant appealed.

Further facts necessary to an understanding of this appeal
are set out in the opinion.

*George B. Mast, by Allen R. Tew, for defendants.*

*No counsel contra.*

BROCK, Judge.

In undertaking to prove title to the premises from which the timber was alleged to have been unlawfully cut, plaintiff testified that he received a deed from his father for the premises in 1935. This deed to plaintiff was recorded on 5 November 1935. Plaintiff also offered the testimony of a surveyor which tended to show that the timber in controversy was cut from land embraced within the description contained in plaintiff's deed.

The remainder of plaintiff's evidence was directed to the questions of who was responsible for cutting the timber and the amount and value of the timber cut.

At the close of plaintiff's evidence, defendants moved for directed verdicts under G.S. 1A-1, Rule 50(a), upon the grounds that plaintiff had failed to offer sufficient evidence to establish, *prima facie,* plaintiff's title to the premises from which the timber was cut. These motions were overruled and defendants offered evidence. Again, at the close of all the evidence defendants moved for directed verdicts under G.S. 1A-1, Rule 50(b)(1), upon the grounds that plaintiff had failed to offer sufficient evidence to establish, *prima facie,* plaintiff's title to the premises from which the timber was cut. These motions were denied, and the case was submitted to the jury which returned a verdict in favor of plaintiff as set forth above. After verdict, pursuant to Rule 50(b)(1), defendants moved for judgments notwithstanding the verdict of the jury. These latter motions were also denied.

[1] By offering evidence, defendants waived their motions for directed verdicts made at the close of plaintiff's evidence. However, by proceeding after verdict under Rule 50(b)(1) with motions for judgments notwithstanding the verdict, they have preserved for appellate review their exceptions to the denial of their motions for directed verdicts made at the close of all the evidence.

[2] Plaintiff's offer of his deed dated in 1935, together with his evidence identifying the land described therein, constituted *prima facie* evidence of plaintiff's *possession* of the described lands within the time required by law to maintain an action for the recovery or possession of real property. G.S. 1-39 and G.S. 1-42. However, as in the present case, where the plaintiff

claims damages for unlawful cutting of timber, he is claiming permanent damages to the freehold, or damages to the ownership interest, and his right to recover depends upon his establishing his *title* to the described lands. The *possession* of real property is not a sufficient interest upon which to base a recovery for permanent damages to the freehold—the ownership interest. *Daniels v. R.R.*, 158 N.C. 418, 74 S.E. 331.

[3, 4] Defendants' denial of plaintiff's allegations of title and trespass placed the burden on plaintiff of establishing each of these allegations. *Bowers v. Mitchell*, 258 N.C. 80, 128 S.E. 2d 6. In order to sustain an action for permanent damages to the freehold, or to the ownership interest, such as an action for unlawful cutting of timber, plaintiff must allege and show that he is the owner of the land from which the timber was cut. *Norman v. Williams*, 241 N.C. 732, 86 S.E. 2d 593. In order to recover penalties under G.S. 1-539.1, plaintiff must establish that he is the *owner* of the land from which the timber was cut. In an action for permanent damages to the freehold, or to the ownership interest, plaintiff must rely upon the strength of his own title. "This requirement may be met by various methods which are specifically set forth in *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142." *Scott v. Lewis*, 246 N.C. 298, 302, 98 S.E. 2d 294, 297. The methods set forth in *Mobley* are as follows:

1. He may offer a connected chain of title or a grant direct from the State to himself.

2. Without exhibiting any grant from the State, he may show open, notorious, continuous adverse and unequivocal possession of the land in controversy, under color of title in himself and those under whom he claims, for twenty-one years before the action was brought.

3. He may show title out of the State by offering a grant to a stranger, without connecting himself with it, and then offer proof of open, notorious, continuous adverse possession, under color of title to himself and those under whom he claims, for seven years before the action was brought.

4. He may show, as against the State, possession under known and visible boundaries for thirty years, or as

against individuals for twenty years before the action was brought.

5. He can prove title by estoppel, as by showing that the defendant was his tenant, or derived his title through his tenant, when the action was brought.

6. He may connect the defendant with a common source of title and show in himself a better title from that source.

[5] The deed to plaintiff from his father in 1935 does not fulfill any of the six approved methods of proving title, and defendants' evidence did not aid plaintiff's proof of title in any way. Therefore, without a *prima facie* showing of title in plaintiff by one of the approved methods, plaintiff was not entitled to maintain this action.

After verdict, defendants moved in the trial court for judgment notwithstanding the verdict, which was the same as moving that judgment be entered in accordance with their motions for directed verdicts made at the close of all the evidence. We hold that the trial judge erred in failing to direct verdicts for defendants at the close of all the evidence and in failing to grant their motions for judgments notwithstanding the verdict. However, rather than direct that judgments be entered at this stage in accordance with defendants' motions for directed verdict, we remand this cause for further proceedings. It is ordered that the judgment appealed from is vacated. It is further ordered that this cause is remanded to the District Court of Johnston County for determination in the discretion of the trial judge, after notice to all parties, whether in the interest of justice a new trial should be ordered. If the trial judge determines that a new trial should be ordered, he shall enter an order setting aside the verdict in this case and directing a new trial; otherwise he shall enter judgments notwithstanding the verdict in accordance with defendants' motions for directed verdicts made at the close of all the evidence.

Judgment vacated and cause remanded with directions.

Judges HEDRICK and VAUGHN concur.