RUTH M. CHEEK AND BESSIE M. CHEEK v. MAE LANGE AND HAROLD EDWARD WILBANKS; MR. KIBBY AND WIFE, MRS. EDWINA KIBBY; TED WILBANKS AND WIFE, MRS. TED WILBANKS

No. 7429DC301

(Filed 20 November 1974)

1. **Rules of Civil Procedure § 50— directed verdict — statement of grounds**

    A motion for a directed verdict must state the specific grounds therefor.

2. **Rules of Civil Procedure § 50— motion for directed verdict — subsequent presentation of evidence — review on appeal**

    Where defendants presented evidence first and plaintiffs then moved for a directed verdict, validity of the trial court's denial is not presented for review since plaintiffs then introduced evidence and did not thereafter renew their motion.

3. **Adverse Possession § 25.1— three parcels — instruction not limited to one parcel — prejudicial error**

    In an action to remove cloud on title to three tracts of property where defendants claimed ownership by virtue of adverse possession, the trial court's instructions which left the jury free to speculate that a successful showing of adverse possession of one tract would simultaneously demonstrate the same as to the remaining two was prejudicial.

APPEAL by plaintiffs from *Gash, Chief District Judge,* 14 September 1973 Session of District Court held in TRANSYLVANIA County.

Civil action to remove cloud on title to real property. Plaintiffs alleged they are owners in fee simple of three tracts of land particularly described in the complaint by metes and bounds, and that defendants claim an adverse interest therein. Defendants answered, denying plaintiffs' title and alleging defendants own the lands described in the complaint by virtue of adverse possession exercised by them and their predecessor in title.

Plaintiffs' title rests upon a recorded deed dated 18 February 1932 from J. P. Hinkle and M. N. Hinkle. Defendants' claim rests upon a recorded deed dated 15 May 1944 from Mary Nancy Hinkle, who the parties agree was the widow of J. P. Hinkle and the same person denominated in plaintiffs' deed as M. N. Hinkle.

Following stipulation by the parties that the court, sitting without a jury, should determine the legal effect of the deeds in question, the court ruled that the 1932 deed was valid and operative to pass title to plaintiffs. Thereafter the case came on for trial before the jury on defendants' counterclaim asserting ownership by adverse possession. The jury returned verdict finding defendants the owners of and entitled to possession of the property described in the complaint by reason of adverse possession for seven years under color of title.

From judgment on the verdict, plaintiffs appealed.

*Ramsey, White & Patterson by William R. White for plaintiff appellants.*

*Ramsey, Hill, Smart & Ramsey by Ralph H. Ramsey, Jr., for defendant appellee Mae Lange.*

*Hamlin & Potts by Jack H. Potts for defendant appellee Harold Edward Wilbanks.*

PARKER, Judge.

The jury trial being solely upon defendants' counterclaim of adverse possession, defendants first presented evidence. At the close of defendants' evidence, plaintiffs "made a motion as of nonsuit," which was denied. The validity of this ruling is the first question which plaintiffs seek to present on this appeal.

Cheek v. Lange

[1, 2] Since the adoption of our new Rules of Civil Procedure, G.S. Chap. 1A, the old motion "as of nonsuit" has been replaced by the motion for a directed verdict made under Rule 50(a), and we shall treat plaintiffs' motion as though it had been a motion for a directed verdict. Rule 50(a) contains the mandatory directive that "[a] motion for a directed verdict shall state the specific grounds therefor." *Anderson v. Butler,* 284 N.C. 723, 202 S.E. 2d 585 (1974); *Wheeler v. Denton,* 9 N.C. App. 167, 175 S.E. 2d 769 (1970). The record fails to show compliance with this directive. If this be overlooked, nevertheless the question which plaintiffs first seek to present on this appeal is not before us for review. After their motion made at the close of defendants' evidence was denied, plaintiffs introduced evidence and did not thereafter renew their motion. They thereby waived the motion previously made. *Woodard v. Marshall,* 14 N.C. App. 67, 187 S.E. 2d 430 (1972); 5A Moore's Federal Practice, ¶ 50.05 [1]; 9 Wright and Miller, Federal Practice and Procedure, § 2534(2).

[3] Plaintiffs assign error to the jury instructions, contending that the trial court erred when it assumed, throughout the charge, that evidence concerning defendants' adverse possession of one of the contested tracts of land would simultaneously indicate their claim of ownership of the other two. The evidence—although confusing in many respects because of the incompleteness of the record upon appeal—indicates that the property in question was, in fact, three distinct parcels of land separately described by metes and bounds in both the 1932 deed under which plaintiffs claim title and the 1944 deed which formed the basis of defendants' claim of seven years adverse possession under color of title. In such a situation, "possession of a single tract is not constructively extended to a separate and distinct tract even though both tracts are described in the same conveyance." *Bowers v. Mitchell,* 258 N.C. 80, 128 S.E. 2d 6 (1962). The trial court failed to instruct the jury upon this rule of law. This error, moreover, was prejudicial. For the most part, each piece of evidence introduced by defendants to prove their claim described some possessory act upon one rather than upon all of the three tracts; given this factual context, the jury was left free to speculate that a successful showing of adverse possession of one tract would simultaneously demonstrate the same as to the remaining two.

For error in the charge, there must be a

New trial.

Chief Judge BROCK and Judge BALEY concur.