QUEENIE DUKE MIZZELL AND HUSBAND, LOUIS MIZZELL; JEREMIAH DAVID DUKE AND WIFE, HAZEL DUKE v. DENNIS D. EWELL, SINGLE; VERGIE M. REED AND HUSBAND, HAROLD G. REED; RUTH EWELL KENNEDY AND HUSBAND, WILLIAM J. KENNEDY; ELWOOD EWELL AND WIFE, LUCILLE EWELL; ALICE B. EWELL WHITE, WIDOW; WELTON CHARLES EWELL, JR. AND WIFE, NANCY I. EWELL; PATRICIA A. EWELL O'BRIEN AND HUSBAND; ELVA W. SMITH AND HUSBAND, RALPH SMITH, JR.; VERONICA W. YOUNG AND HUSBAND, WILLIAM H. YOUNG; HAROLD A. WATERFIELD AND WIFE, HELEN C. WATERFIELD; CARL R. WATERFIELD, DIVORCED; AVERY WATERFIELD, WIDOWER; PATRICIA LEE WATERFIELD; EVELYN MARIE WATERFIELD; PATRICIA BEACHAM, AN INCOMPETENT AND WACHOVIA BANK & TRUST COMPANY, EXECUTOR OF THE ESTATE OF P. P. GREGORY

No. 751SC500

(Filed 19 November 1975)

1. Adverse Possession § 1— elements necessary for proof of adverse possession

For a claimant to obtain title by adverse possession, there must be an actual possession of the real property claimed, the possession must be hostile to the true owner, the claimant's possession must be open and notorious, the possession must be continuous and uninter-

Mizzell v. Ewell

rupted for the statutory period, and the possession must be with an intent to claim title to the land occupied.

2. **Adverse Possession § 25— sufficiency of evidence**

Petitioner's evidence as to adverse possession was insufficient to be submitted to the jury where it tended to show only that the father of two of the plaintiffs was in "reputed possession" between 1915 and 1923, and one of the plaintiffs discovered in 1961 or 1962 that she had an interest in some land in Currituck County, but she could not locate the land or locate a deed conveying the land to anyone bearing her father's surname.

APPEAL by petitioners from *Alvis, Judge*. Judgment entered 19 March 1975 in Superior Court, CURRITUCK County. Heard in the Court of Appeals 13 October 1975.

Petitioners, heirs of Andrew Duke, instituted this action as a special proceeding praying for the (1) partition sale of a tract of land known as the Andrew Duke Tract and (2) adjudication that the successors in interest of the late P. P. Gregory have no interest in another tract of land known as the Thomas Duke Tract in which the petitioners also claimed title. Defendant Wachovia Bank and Trust Co., devisee under the P. P. Gregory will as trustee of a charitable trust, answered alleging title to a tract of land which included most of the property claimed by petitioners. Petitioners' two causes of action were ordered severed, with the latter cause of action to be tried in the District Court Division as a civil action to remove a cloud on title.

While the action was pending, Wachovia sold its interest in the contested property to the State of North Carolina, and the State was joined as an additional defendant. The State instituted an action to have its title registered and confirmed pursuant to G.S. Chapter 43, the Torrens Act. The court appointed an Examiner of Title, who conducted a hearing, and rendered a report from which the Duke heirs excepted. Both the civil action and the Torrens Proceeding were then pending for trial. On a finding that the two actions involved a common issue of title, the civil action was ordered consolidated with the Torrens Proceeding for trial in Superior Court, Currituck County. However, when the cases were called the trial judge and the parties agreed that the cases would not be consolidated, but that the civil action alone would be tried; and that the judgment entered would be controlling on the issue of title in both the civil action and the Torrens Proceeding.

At trial the petitioners abandoned their efforts to prove their case by showing record title and relied entirely on the doctrine of adverse possession. Petitioners' evidence tended to establish the character of the land as inaccessible, swampy, woodland, and unfit for human habitation.

Frank Twiford testified that from 1915 to 1923 Andrew Duke was "reputedly in possession" of the contested tract of land. Andrew Duke was the father of plaintiffs, Queenie Duke Mizzell and Jeremiah Duke, and the grandfather or great-grandfather of the other plaintiffs.

Stanley White testified that in 1961 or 1962 his mother, Queenie Duke Mizzell, discovered that she had an interest in some land in Currituck County. Plaintiff and Stanley White attempted to locate the land by making several trips over the land. Neither Mr. White, his mother, nor any of the other Duke heirs were able to locate a deed in the Currituck County Courthouse conveying the land to any Duke.

At the close of petitioners' evidence, defendants moved for a directed verdict of dismissal for failure of the plaintiffs to introduce evidence sufficient to require the submission of an issue of fact to the jury. From the judgment granting defendants' motion for directed verdict dismissing the action, petitioners appeal to this Court.

*Cherry, Cherry, Flythe and Evans, by Joseph J. Flythe, for petitioner appellants.*

*Attorney General Edmisten, by Assistant Attorney General T. Buie Costen, and Leroy, Wells, Shaw, Hornthal, Riley and Shearin, P.A., by Dewey W. Wells, for defendant appellees.*

ARNOLD, Judge.

Petitioners contend that the trial court committed reversible error by granting defendants' motion for directed verdict of dismissal at the close of petitioners' evidence. They argue that the evidence viewed in the light most favorable to their case would establish their claim of title by adverse possession. We cannot agree.

In order to establish title by adverse possession there must be actual possession with an intent to hold solely for the possessor to the exclusion of others. The claimant must exercise acts of dominion over the land in making the ordinary use and

taking the ordinary profits of which the land is susceptible, with such acts being so repeated as to show that they are done in the character of owner, and not merely as an occasional tres-passer. *Lindsay v. Carswell*, 240 N.C. 45, 81, S.E. 2d 168 (1954) ; *Price v. Tomrich Corp.*, 275 N.C. 385, 167 S.E. 2d 766 (1969). In addition, the possession must be within known and visible lines. G.S. 1-40.

[1] "Every possession of land will not ripen into title. Each one of the following elements must be proved by a claimant in order for him to obtain title by adverse possession.

There must be an *actual possession* of the real property claimed; the possession must be *hostile* to the true owner; the claimant's possession must be *exclusive;* the possession must be *open and notorious;* the possession must be *continuous* and *un-interrupted for the statutory period;* and the possession must be with *an intent to claim title to the land occupied.*" Webster, Real Estate Law in North Carolina § 258, p. 319.

[2] It is clear from petitioners' own evidence that they have failed to meet the burden of proof required to make good their claim of adverse possession under known and visible boundaries.

"A possession that ripens into title must be such as con-tinually subjects some portion of the disputed land to the only use of which it is susceptible, . . . The test is involved in the question whether the acts of ownership were such as to subject the claimants continually during the whole statutory period to an action in the nature of trespass in ejectment instead of to one or several actions of trespass *quare clausam fregit* for dam-ages." *Mallett v. Huske*, 262 N.C. 177, 181, 136 S.E. 2d 553 (1964), quoting *Shaffer v. Gaynor*, 117 N.C. 15, 23 S.E. 154 (1895).

Petitioners' strongest evidence of continuous possession is Andrew Duke's "reputed possession" between 1915 and 1923. However, the record does not show that Andrew Duke was ever in actual possession and reputation evidence is not admissible to show ownership of land but merely goes to the issue of notoriety of possession. *Brewer v. Brewer*, 238 N.C. 607, 78 S.E. 2d 719 (1953).

Petitioners' remaining assignments of error allege that the trial court erred by striking testimony favorable to the peti-tioners' case. Petitioners, in their brief, make no arguments

whatsoever, regarding prejudicial harm caused by the trial judge's ruling. Petitioners were successful in getting in the excluded evidence through other testimony. We can find no possible harm caused by the exclusion.

Affirmed.

Judges MORRIS and HEDRICK concur.