JOHN SHERMAN CRISP, CHARLES ALLEN CRISP, ROBERT FORREST CRISP, AND CLIFFORD EUGENE CRISP v. J. E. BENFIELD AND WIFE, BERTHA BENFIELD, GERALD BENFIELD AND WIFE, NORA BENFIELD

No. 8225SC1117

(Filed 4 October 1983)

1. Adverse Possession § 1— requirement of actual possession

Actual possession is a required element of adverse possession.

2. Adverse Possession § 1— meaning of adverse possession

In order to constitute adverse possession, the possession must constitute an exercise of dominion over the land, making the ordinary use and taking the

ordinary profits of which it is susceptible, and must subject the claimant during the whole statutory period to an action in ejectment.

### 3. Adverse Possession § 25.2 — color of title — actual possession in another

Defendant did not acquire title to land by adverse possession where the evidence showed that, although he had color of title, defendant did not actually possess the land in question but that actual possession was by defendant's son who had no color of title and was not acting as agent for defendant.

APPEAL by plaintiffs John Sherman Crisp, Charles Allen Crisp, and Robert Forrest Crisp from *Snepp, Judge.* Judgment entered 17 June 1982 in CALDWELL County Superior Court. Heard in the Court of Appeals 20 September 1983.

Plaintiffs, sons of Forrest C. Crisp and Ethel Crisp, brought suit to clear title and recover possession of land they inherited from their parents. Forrest C. Crisp died intestate on 14 September 1962; Ethel Crisp died intestate on 24 November 1965. Forrest C. Crisp had owned and possessed the land in question during his life. None of the plaintiffs lived on the land.

Defendant Gerald Benfield has lived on the land since 25 February 1964. On that date his father, defendant John Edward Benfield, purchased a deed for the property at a sheriff's sale. The deed was recorded with the Caldwell County Register of Deeds. John Edward Benfield later discovered his deed was void, and he successfully sued the sheriff for a refund of his purchase money.

Although John Edward Benfield never lived on the property, he did attempt to deed it to his son, Gerald Benfield. That attempt failed when the Benfields' attorney discovered they did not have good title. The deed from John Edward Benfield to Gerald Benfield was never recorded. Gerald Benfield continued to live on the land and did some work for his father, but he never paid monetary consideration for use of the land.

William Joseph Crisp, brother of Forrest Crisp, also lived on the land in dispute, having been there since 1953, when Forrest Crisp had given him oral permission to live there for the rest of his life.

All the plaintiffs were minors when Forrest and Ethel Crisp died, John Sherman Crisp being born on 14 September 1954;

Charles Allen Crisp on 12 May 1956; Robert Forrest Crisp on 23 May 1959; and Clifford Eugene Crisp on 7 April 1962.

At the close of plaintiffs' evidence, defendants moved for a directed verdict. The trial court held that plaintiffs' evidence established adverse possession for more than seven years under color of title by defendant John Edward Benfield. The trial court also found that Clifford Eugene Crisp, unlike his brothers, brought suit within three years of attaining his majority, so under G.S. 1-17(a)(1) defendants' adverse possession did not bar recovery on his share of the property. From judgment on the motion dismissing the action as to John Sherman Crisp, Charles Allen Crisp, and Robert Forrest Crisp, and awarding a one-quarter undivided interest in the lands to Clifford Eugene Crisp, plaintiffs John Sherman Crisp, Charles Allen Crisp, and Robert Forrest Crisp appealed.

*Ted S. Douglas for plaintiffs.*

*Beal and Mu, P.A., by Beverly T. Beal, for defendants.*

WELLS, Judge.

In ruling on a motion for a directed verdict under G.S. 1A-1, Rule 50 of the North Carolina Rules of Civil Procedure, the trial court must consider all the evidence in the light most favorable to the party opposing the motion. *Norman v. Banasik,* 304 N.C. 341, 283 S.E. 2d 489 (1981). The party claiming title by adverse possession has the burden of proof on that issue. *State v. Brooks,* 275 N.C. 175, 166 S.E. 2d 70 (1969). Therefore, defendants' motion for a directed verdict could properly be granted only if the evidence, taken in the light most favorable to the plaintiffs, proved as a matter of law that the defendants were entitled to the property by virtue of adverse possession.

Defendants argue that John Edward Benfield's color of title in combination with Gerald Benfield's actual possession in excess of seven years was adequate for adverse possession under G.S. 1-38. The trial court agreed, finding that John Edward Benfield acquired adverse possession by being in possession through his son. The trial court specifically stated that there was no evidence that the son entered the land as an agent for his father. Instead, the elder Benfield had "turned it over to his son."

Under G.S. 1-38, adverse possession rights vest "[w]hen a person or those under whom he claims is and has been in possession of any real property, under known and visible lines and boundaries and under color of title, for seven years . . . ."

[1, 2]   Actual possession is a required element of adverse possession. "In order to establish title by adverse possession there must be actual possession with an intent to hold solely for the possessor to the exclusion of others." *Mizzell v. Ewell,* 27 N.C. App. 507, 219 S.E. 2d 513 (1975); *see also Price v. Tomrich Corp.,* 275 N.C. 385, 167 S.E. 2d 766 (1969). Our Supreme Court has interpreted "possession" to mean " 'that the adverse claimant should either possess it in person or by his . . . servants or tenants . . . .' " *Cothran v. Akers Motor Lines, Inc.,* 257 N.C. 782, 127 S.E. 2d 578 (1962) *quoting Grant v. Winborne,* 3 N.C. (2 Hayw.) 56 (1978). The adverse possession must constitute an exercise of dominion over the land, making the ordinary use and taking the ordinary profits of which it is susceptible, and must subject the claimant during the whole statutory period to an action in ejectment. (Citations omitted.) *Mallet v. Huske,* 262 N.C. 177, 136 S.E. 2d 553 (1964).

[3]   The evidence in this case, viewed in the light most favorable to plaintiffs, *see State v. Brooks, supra,* tends to show that John Edward Benfield, though having color of title, did not actually possess the land in question, and that the actual possessor, Gerald Benfield, had no color of title. For these reasons, the judgment of the trial court must be and is

Reversed.

Judges ARNOLD and EAGLES concur.