GUY E. HEFNER v. GUY STAFFORD

No. 8225SC1203

(Filed 1 November 1983)

**Appeal and Error § 59; Trespass to Try Title § 4— wrongful timber cutting—evidence of title to land uncontradicted—directed verdict for defendant improper**

In an action for wrongful timber cutting under G.S. 1-539.1, the trial court erred in granting a directed verdict for defendant on the basis that plaintiff had failed to establish title in the land where the evidence showed by deed duly recorded that plaintiff was the owner of lot number eleven in block "C" of the Hefner estate property in Snow Creek Cove in Catawba County; that the oral evidence showed that the plaintiff had owned lot number eleven of his father's estate since around 1958; that lot number eleven was where the trees were cut; and that as the owner he was cross-examined as to the monetary valuation of his lot. Although defendant was called as an adverse witness, his testimony did not contest the plaintiff's ownership of the land.

APPEAL by plaintiff from *Grist, Judge.* Judgment entered 13 July 1982 in the Superior Court, CATAWBA County. Heard in the Court of Appeals 30 September 1983.

*Sigmon, Sigmon and Isenhower by Jesse C. Sigmon, Jr. and Randall Isenhower for plaintiff appellant.*

*Cagle and Houck by Joe N. Cagle and William J. Houck for defendant appellee.*

BRASWELL, Judge.

In an action for wrongful timber cutting under G.S. 1-539.1, the trial court granted defendant's motion for a directed verdict at the close of the plaintiff's evidence. The ground for the dismissal was that plaintiff had failed to prove a *prima facie* case of title to the land in controversy. Plaintiff appeals.

The only issue before us to decide is whether the defendant's motion for a directed verdict was properly granted. The scope of our review is to determine whether the evidence which plaintiff did introduce was sufficient to require submission of the case to the jury. *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971); *Jones v. Allred,* 64 N.C. App. 462, 307 S.E. 2d 578 (1983); G.S. 1A-1, Rule 50(a).

To focus on the issue we quote from the judgment of the trial court:

> [T]he Defendant moved for a Directed Verdict under Rule 50(a) of the N.C. Rules of Civil Procedure upon the grounds, *inter alia*, that Plaintiff had failed to offer sufficient evidence to establish, *prima facie*, Plaintiff's title to the premises from which the trees were cut; and after consideration of the evidence and in sole reliance upon the opinion in *Woodard v. Marshall*, 14 N.C. App. 67, the Court is of the opinion that Plaintiff failed to offer sufficient evidence to establish, *prima facie*, Plaintiff's title to the premises from which the trees were cut, either by offering a connected chain of title or grant from the State to himself or by adverse possession, and that Defendant's Motion for a Directed Verdict in his favor against the Plaintiff should be granted.

The timber and trees in question were alleged to be hardwood shade trees, and miscellaneous dogwood and sourwood trees on an undeveloped lot in a residential subdivision on Lake Hickory. The plaintiff's evidence established that certain described timber and trees had been cut and tended to show that the cutting was done by the defendant.

The parties stipulated through their counsel that a deed dated 30 April 1958 conveyed certain properties located in Catawba County to Guy E. Hefner, and "that [the] deed may be introduced into evidence for whatever it says." The deed became plaintiff's Exhibit No. 1. It shows that among the several tracts conveyed was a fourth tract, described by metes and bounds, and "being Lot No. 11 in Block 'C' of the Hefner Estate Property, Snow Creek Cove, as shown on a plat thereof . . . dated November 4, 1957."

Guy E. Hefner, the plaintiff, became the first witness. He testified, without any objection, to the following:

Q. Do you own any land, Mr. Hefner?

A. I do.

Q. Where is that land located?

A. Snow Creek Cove, where this particular tract lies.

Q. Is that lot Eleven Block C?

A. Right.

Q. Where is that? Did that property come from the estate of your father?

A. Yes sir.

Q. Is that near the lake?

A. It's on the Snow Creek Lake Hickory. Snow Creek area.

    * * * *

Q. How long have you had this land in your name, Mr. Hefner?

A. It's been sometime, I believe in 1950.

Q. By 1958; is that correct?

A. Somewhere along there.

    * * * *

Q. Now did you have a conversation with him or did he tell you why he cut trees on your property?

A. He said the lady he contracted the other lots from there told him that his lots run all the way around on a circle, all the way around to where it was a lot cleared off.

Q. Is there a lot cleared off?

A. It's a lot cleared off.

    * * * *

Q. And your property runs up to that.

A. No. 11 lies between nine and ten there, and No. 12 is cleared off.

Q. Your lot is No. 11, which joins No. 12.

A. Right.

During the recross examination of Mr. Hefner, after testimony about his discovery that some trees had been cut in No-

vember and December 1978, and after Mr. Hefner had answered "I own that lot" of property in the area, Mr. Hefner was asked his "opinion as to the value of that lot." Further cross-examination revealed a valuation of $13,345.00.

It is basic law that for a plaintiff to recover for unlawful cutting of timber under G.S. 1-539.1 that he must establish his ownership of the land from which the timber was cut. *Woodard v. Marshall,* 14 N.C. App. 67, 69, 187 S.E. 2d 430, 431 (1972). We now review the probative force of the evidence recited above, and review applicable case law to see if it shows ownership in Guy E. Hefner, the plaintiff.

*Woodard,* in discussing a plaintiff's burden of proof in establishing title, repeated the six methods promulgated by our Supreme Court in *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142 (1889). *Woodard, supra,* at 115, 187 S.E. 2d at 432. Two of the methods listed, such as (1) proving a connected chain of title or grant from the state to himself, and (2) proving adverse possession, are cited by the trial judge in our present case to demonstrate how within the law the plaintiff's evidence fails to show any proof. However, the plaintiff before us relies upon *Freeman v. City of Charlotte,* 273 N.C. 113, 159 S.E. 2d 327 (1968), which also cites *Mobley.* We agree that the plaintiff before us, like the plaintiff in *Freeman,* has failed to prove title by any of the methods approved in *Mobley.* However, here, just as in *Freeman,* the respective plaintiffs testified without objection that they were the owners of the tract in question. Therefore, "[t]he admissibility of this testimony not having been challenged, it must be treated as before the jury with all its probative force." *Id.* at 115, 159 S.E. 2d at 329. As the court did in *Freeman,* we hold that "[t]his evidence was sufficient to warrant the submission of the . . . issue and to support the jury's affirmative answer thereto." *Id.*

At the close of the plaintiff's evidence in the light most favorable to the plaintiff, the evidence shows by deed duly recorded on 22 September 1958 that the plaintiff is the owner of Lot No. 11 in Block "C" of the Hefner Estate Property in Snow Creek Cove in Catawba County. The oral evidence shows that the plaintiff has owned Lot No. 11, Block "C" in Snow Creek Cove of his father's estate in the Lake Hickory area since around 1958,

that Lot No. 11 is where the trees were cut, and that as the owner he was cross-examined as to his monetary valuation of his lot.

The facts before us fail to show any genuine challenge on the issue of ownership. Although the defendant was called as an adverse witness, his testimony did not contest the plaintiff's ownership of the land. The plaintiff's evidence made out a *prima facie* case of ownership through oral evidence coupled with documentary evidence. The plaintiff met his burden of proof.

We hold that the trial court erred when it granted the defendant's motion for a directed verdict. The case must be remanded for a new trial.

New trial.

Judges BECTON and JOHNSON concur.