FEDERAL PAPER BOARD COMPANY, INC. v. ARIZONA H. HARTSFIELD, ET AL.

No. 8713SC333

(Filed 1 December 1987)

1. **Reference § 11.1— preservation of right to trial by jury—trial limited to evidence taken before referee**

      By objecting to the order of reference at the time of its entry, filing timely exceptions to the referee's findings of fact, formulating and tendering issues based upon those exceptions, and demanding a jury trial on the issues, defendants satisfied procedural requirements necessary to preserve their right to a jury trial; however, a jury trial after a compulsory reference is limited to the evidence taken before the referee, and defendants' right to a jury trial depended upon whether that evidence raised material issues of fact and credibility requiring submission to the jury.

2. **Adverse Possession § 25.1— sufficiency of evidence**

      The trial court erred in refusing to submit to the jury issues as to whether defendants had exercised sufficient possession of the disputed property after 1956 to prevent plaintiff from acquiring title by adverse possession under color of title or to establish defendants' own title by adverse possession

under color of title where plaintiff offered evidence that it surveyed the land, marked the corners and sidelines, cut timber, replanted the tract with seedlings, kept the lines marked, inspected the growing timber, and conducted other operations associated with its use of the property as a timber plantation, while defendants offered evidence that they knew the boundaries of the land claimed by them, could describe the boundaries, pointed them out to surveyors employed by them, cut timber on the property and stopped others from doing so, and pulled up seedlings planted by plaintiff.

APPEAL by defendants from *Brewer, Judge*. Judgment entered 18 August 1986 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 20 October 1987.

This is an action to quiet title to a 48.7 acre tract of land in Brunswick County. In its complaint, plaintiff alleged that it acquired fee simple title to the tract in May 1956, by virtue of a deed from Wallace Johnson to Riegel Paper Corporation, plaintiff's predecessor by merger. Plaintiff alleged that since acquiring the property it has held the land under color of title for more than seven years and has been in possession of the property continuously, openly, notoriously, and adversely to all other interests for more than twenty years. Plaintiff further alleged that defendants, who own an adjoining tract, claim an interest in the property adverse to plaintiff's title and that the interest claimed by defendants is invalid. Plaintiff sought a judgment declaring it to be owner of the property, free from any claim of defendants.

By their answer, defendants denied the validity of plaintiff's title and pleaded their own title by adverse possession as a bar to plaintiff's right of recovery. Upon motion of plaintiff pursuant to G.S. 1A-1, Rule 53(a)(2), and over defendants' objection, a referee was appointed. The referee conducted a hearing, received evidence, and made his report, which, after reciting the evidence offered by the parties, contains the following findings of fact:

1. That the Plaintiff has introduced a connected chain of title to the lands and premises described in their [sic] complaint filed in this cause and that said chain of title is connected and uninterrupted and is substantiated by the record and Exhibits entered and received in this cause and there is a record of a chain of title from the State of North Carolina to the present owners.

2. The Defendants have failed to comply with the requirements of the laws of North Carolina in establishing a record title and that they have not connected their title with the State of North Carolina or proved title out of the state or out of a common source of title.

3. That the Plaintiff has established, by credible evidence, its possession of the lands and premises involved in this cause for a period of more than seven (7) years under color of title. The testimony of the Plaintiff reflects a systematic management and use of the lands and premises described in their [sic] complaint filed in this cause and a systematic and planned exclusion from said lands and premises of other persons. The possession of the Plaintiff is testified to by the witnesses, High and Alsup [sic] and has been open and under known and visible lines and boundaries and has complied with the requirements of the definition of adverse possession as established by the decisions of the Courts of the State of North Carolina.

4. The Defendants, while offering evidence of occasional, sporadic, interrupted instances of possession and use of said lands and premises, have failed to show that said possession was continuous, that it was under known and visible lines and boundaries or that it was done in such a manner and with such frequency as to constitute adverse possession of said lands and premises.

Upon those findings, the referee concluded that plaintiff is the owner of the property in question by virtue of having record title thereto as well as having acquired title by adverse possession under color of title for more than seven years.

In apt time, defendants filed exceptions to the referee's first, third, and fourth findings of fact, formulated proposed issues to be submitted to a jury, and demanded a jury trial. Upon review of the referee's report and defendant's exceptions thereto, the trial court determined:

(i) There is no genuine issue as to a material fact concerning the record chain of title of the Plaintiff to the lands described in the complaint prior to the year 1956, the court having determined that the Plaintiff has undisputed superior record title to the property;

(ii) There is a jury question as to whether the Defendants and their successors in title obtained title to the property prior to the year 1956, either by adverse possession or by adverse possession under color of title.

(iii) Upon all of the evidence, the Plaintiff has established that it's [sic] continuous possession under known and visible boundaries has obtained title to the property subsequent to the year 1956 by means of adverse possession under color of title, and there is no genuine issue of a material fact as to whether the Defendant [sic] exercised sufficient possession of the property in question under known and visible boundaries, either to defeat the Plaintiff's adverse possession under color of title or to establish the Defendant's [sic] title to the property by adverse possession under color of title; and

(iv) There is no genuine issue as to a material fact to justify a trial by jury and that judgment should be entered in favor of the Plaintiff as prayed in the complaint.

The court entered judgment declaring plaintiff to be the owner of fee simple title to the property free from any claim thereto by defendants. Defendants appeal.

*Poisson, Barnhill & Britt, by L. J. Poisson, Jr., and J. L. Seay, Jr., for plaintiff-appellee.*

*Frink, Foy, Gainey & Yount, P.A., by Henry G. Foy, for defendants-appellants.*

MARTIN, Judge.

[1] Defendants' single assignment of error is that the trial court erred by entering judgment disposing of this case without affording them a jury trial. By objecting to the order of reference at the time of its entry, filing timely exceptions to the referee's findings of fact, formulating and tendering issues based upon those exceptions, and demanding a jury trial on the issues, defendants have satisfied procedural requirements necessary to preserve their right to a jury trial. G.S. 1A-1, Rule 53(b)(2). Even though procedurally preserved, however, defendants' right to a jury trial is not absolute. A jury trial after a compulsory reference is limited to the evidence taken before the referee, G.S. 1A-1, Rule 53(b)(2)c; defendants' right to a jury trial depends upon whether

that evidence raises material issues of fact and credibility requiring submission to the jury. *Faucette v. Zimmerman*, 79 N.C. App. 265, 338 S.E. 2d 804 (1986). We conclude that material issues of fact are raised by the evidence in the present case, entitling defendants to a jury trial.

The trial court preliminarily determined, after reviewing the evidence taken by the referee and the referee's report, that there was no material issue of fact with respect to the record title to the property and that plaintiff has superior record title. Defendants did not except to this ruling; we will not consider the argument to the contrary contained in their brief. App. R. 10. In any event, our review of the stipulations and evidence presented to the referee discloses no material factual issues with respect to record title. We agree with the trial court that plaintiff holds record title to the property superior to that of defendants. Submission of the issue of record title to a jury was not required.

[2] Although it determined that the 1956 conveyance from Wallace Johnson gave plaintiff superior record title, the trial court concluded that the evidence before the referee raised a triable issue of fact as to whether defendants had, prior to 1956, acquired title to the property by adverse possession or by adverse possession under color of title. This issue of fact was not, however, deemed by the trial court to be material to the outcome of the case. In paragraph (iii), the trial court determined that, under all the evidence, plaintiff's possession of the property under color of title after the 1956 conveyance was sufficient to oust defendants, defeat any title which they may have previously acquired to the property, and ripen into fee simple title of the plaintiff. Furthermore, the court ruled, the evidence raised no issues of fact as to whether defendants had exercised sufficient possession of the property after 1956 to prevent plaintiff from acquiring title by adverse possession under color of title, or to establish defendants' own title by adverse possession under color of title. It is in these determinations that the court erred.

Title to land may be acquired by adverse possession when there is "actual, open, notorious, exclusive, continuous and hostile occupation and possession of the land of another under claim of right or color of title for the entire period required by the statute." Webster, Real Estate Law in North Carolina, § 286

(Hetrick rev. 1981). As stated in *Locklear v. Savage*, 159 N.C. 236, 237-38, 74 S.E. 347, 348 (1912):

> It consists in actual possession, with an intent to hold solely for the possessor to the exclusion of others, and is denoted by the exercise of acts of dominion over the land, in making the ordinary use and taking the ordinary profits of which it is susceptible in its present state, such acts to be so repeated as to show that they are done in the character of owner, in opposition to right or claim of any other person, and not merely as an occasional trespasser. It must be decided and notorious as the nature of the land will permit, affording unequivocal indication to all persons that he is exercising thereon the dominion of owner.

At the expiration of the requisite period of possession, the possessor acquires fee simple title to the land; a new title is created and the title of the record owner is extinguished. Webster, *supra*. It is presumed that possession of land is in the person holding legal title thereto, but the presumption is rebuttable. *Memory v. Wells*, 242 N.C. 277, 87 S.E. 2d 497 (1955). The party claiming title by adverse possession has the burden of proof on the issue. *Crisp v. Benfield*, 64 N.C. App. 357, 307 S.E. 2d 179 (1983).

No one disputes that the evidence taken by the referee created an issue of fact as to whether defendants acquired title to the disputed tract by adverse possession prior to 1956. If the jury should decide that issue in favor of defendants, plaintiff's superior record title would be extinguished and plaintiff would have the burden of proving that it had thereafter acquired title by adverse possession under color of title, relying upon the 1956 deed as color of title. *See Christenbury v. King*, 85 N.C. 229 (1881). On the other hand, if the jury should decide the issue of defendants' pre-1956 adverse possession in favor of plaintiff, its record title would be good and defendants would have the burden of proving that they had subsequently, by adverse possession for the requisite period, extinguished plaintiff's title and established title in themselves. Thus, the question for determination is whether the evidence of the respective parties' possession after 1956 is so clear as to permit but one inference, or whether genuine issues of fact are created. Where the evidence of adverse possession is conflicting, the issue is for the jury. *Memory v. Wells, supra.*

In the present case, plaintiff offered evidence tending to show that after purchasing the property in 1956, its predecessor by merger, Riegel Paper Corporation, surveyed the land, marked the corners and sidelines, and cut the timber from it. In 1958, it replanted the tract with seedlings. It has kept the lines marked, has inspected the growing timber, and has conducted other operations associated with its use of the property as a timber plantation.

On the other hand, defendants offered evidence tending to show that they knew the boundaries of the land claimed by them, could describe those boundaries, and had pointed them out to the surveyors employed by them. Two of the defendants, John Oliver Randolph and Franklin Randolph, testified that after Federal had planted on the land, they continued to go upon the land and cut timber. There was testimony tending to show that defendants had stopped persons from cutting timber on the disputed property. On one occasion, defendants stopped a contractor from cutting trees which plaintiff had sold. Moreover, defendant John Oliver Randolph testified that after the tract was replanted, "I pulled some of the trees up and I called my nephew to help me pull some of them us [sic] and then I told him 'Wait a minute [sic] don't pull no more up, let it grow 'cause its *on our land* and we can cut it off.'" (Emphasis added.) Plaintiff did not object to his testimony concerning the ownership of the land, and it must, therefore, be accorded such probative weight as a jury may choose to give it. *See Freeman v. City of Charlotte*, 273 N.C. 113, 159 S.E. 2d 327 (1968); *Hefner v. Stafford*, 64 N.C. App. 707, 308 S.E. 2d 93 (1983). "This evidence was sufficient to warrant the submission of the . . . issue and to support the jury's affirmative answer thereto." *Freeman, supra* at 115, 159 S.E. 2d at 329.

The evidence taken by the referee raises factual issues regarding the respective parties' actual possession of the disputed land subsequent to 1956, which issues are material to a resolution of this case. It is for the jury to decide, under proper instructions, whether the acts shown by the evidence constitute open, notorious and adverse possession. *Memory, supra.* "Whether there has been sufficient adverse possession to ripen title is a mixed question of law and fact, and its solution must necessarily depend upon the situation of the parties, the nature of the claimant's title, the character of the land, and the purpose for which it is

adapted and for which it has been used. All these circumstances must be taken into consideration by the jury, whose peculiar province it is to pass upon the question." *Alexander v. Cedar Works*, 177 N.C. 137, 144, 98 S.E. 312, 315 (1919).

For the foregoing reasons, we reverse the judgment entered for plaintiff and remand this case to the Superior Court of Brunswick County for jury trial upon the issues of adverse possession raised by the evidence.

Reversed and remanded.

Judges EAGLES and PARKER concur.