LEROY BRITTAIN AND WIFE, JUNIE BRITTAIN v. BILLY CORRELL AND WIFE, HELEN CORRELL

No. 8525SC131

(Filed 29 October 1985)

1. **Adverse Possession § 17.1— color of title—sufficiency of deed**

    A deed purporting to convey the property in dispute to the respondents as part of a larger tract constituted sufficient color of title.

2. **Adverse Possession § 3— possession under color of title—mistaken belief of ownership**

    The rule that there is no adverse possession when one possesses property without color of title under the mistaken belief that the property is his since there is no intent to claim the property adverse to its true owner does not apply where possession is under color of title.

APPEAL by petitioners from *Ferrell, Judge.* Judgment entered 11 October 1984 in BURKE County Superior Court. Heard in the Court of Appeals 19 September 1985.

In November 1982, petitioners instituted this proceeding seeking a determination of the true boundary line between land owned by them and land owned by respondents. Petitioners alleged that respondents built a fence and other outbuildings which encroach upon their land as described in the deed to their property, and requested, in addition to the above determination, that respondents be ordered to remove such encroachments from their property. Respondents admitted that they built a fence and other outbuildings on their property and denied that such items were located on petitioners' property. Respondents further counterclaimed for title to the disputed property on theories of adverse possession for more than 20 years, adverse possession under color of title for more than 7 years, and equitable estoppel.

The evidence presented at trial shows that petitioners and respondents have a common source of title to their adjacent tracts of land, that source being Foy and Mellie Brittain. Peti-

tioners obtained their tract of land from Foy and Mellie Brittain by deed dated 2 November 1957. Respondents purchased their tract of land from Horace and Ethel Rhoney in October 1965 who had obtained the property from Foy and Mellie Brittain in February 1960. Petitioners presented evidence showing that a survey had been done using the calls in their deed which showed that the boundary line between the two tracts of land was located on a line marked A to B on their survey map. Respondents presented similar evidence showing that a survey had been done using the calls in their deed which located the boundary line on a different line marked on their exhibit as X to Y. The evidence further shows that the fence and other outbuildings built by respondents are located for the most part between the lines A to B and X to Y.

Both parties moved for a directed verdict in their favor at the close of all the evidence which motions were apparently denied. The jury answered the issues submitted as follows:

1. Is the dividing line between the lands of the Petitioners and the Respondents located as the line A to B on the map, Petitioner's Exhibit No. 2, as contended for by the Petitioners?

ANSWER: Yes

2. If so, did the Respondents acquire title to the property in dispute lying between the lines A to B on Petitioner's Exhibit No. 2, and X to Y, on Respondent's Exhibit No. 1, by adverse possession for a period of greater than seven years under color of title?

ANSWER: Yes

After the verdict was announced, petitioners moved for judgment notwithstanding the verdict and, alternatively, for a new trial on the grounds that the verdict is against the weight of the evidence and the law of the case. The motions were denied and judgment was entered in accordance with the verdict. Petitioners appealed.

*H. Clinton Cheshire for petitioners.*

*Ted S. Douglas for respondents.*

WELLS, Judge.

[1] Petitioners contend the court erred in denying their motions for a directed verdict, judgment notwithstanding the verdict, and a new trial on respondents' claim for title to the disputed property under the doctrine of adverse possession under color of title. They argue that respondents did not contend or present any evidence tending to show that they possessed any document which could constitute color of title, that respondents showed only that they had a valid deed to their tract of land, and that therefore the evidence was insufficient to support a verdict for respondents on this claim.

As stated by our Supreme Court in *Price v. Tomrich Corp.,* 275 N.C. 385, 167 S.E. 2d 766 (1969):

> Color of title is generally defined as a written instrument which purports to convey the land described therein but fails to do so because of a want of title in the grantor or some defect in the mode of conveyance . . . . When the description in a deed embraces not only land owned by the grantor but also contiguous land which he does not own, the instrument conveys the property to which grantor had title and constitutes color of title to that portion which he does not own. [Citations omitted.]

A valid deed may serve as color of title. *Id. See also Hensley v. Ramsey,* 283 N.C. 714, 199 S.E. 2d 1 (1973).

We conclude that the deed offered into evidence by respondents which purported to convey to them the property in dispute between the lines A to B and X to Y as part of the tract of land conveyed to them by the Rhoneys is sufficient to constitute color of title. Thus, the evidence is not fatally deficient as argued by petitioners and we find no error in the denial of their motions.

[2] Petitioners further contend the trial court erred by instructing the jury on the doctrine of adverse possession under color of title when the evidence did not show that respondents' possession of the property was hostile to petitioners or under color of title. For the reasons just stated, we conclude that sufficient evidence of color of title was presented to justify the instruction given. Petitioners argue that the evidence shows that respondents' possession was not hostile because it shows that respondents

made the improvements on the disputed property under the belief that they owned the property.

It is an established rule in this State that where one possesses property without color of title under the mistaken belief that the property is his, the possession is not adverse since there is no intent to claim the property adverse to its true owner. Hetrick, *Webster's Real Estate Law in North Carolina* §§ 289 & 293 (rev. ed. 1981). *See, e.g., Gibson v. Dudley,* 233 N.C. 255, 63 S.E. 2d 630 (1951). This rule does not apply, however, where possession is under color of title. Hetrick, *supra,* ch. 14 nn. 19 & 62. Application of this rule in color of title cases would virtually extinguish the laws permitting the acquisition of title by adverse possession under color of title since in almost all such cases the claimant possessed the property under the mistaken belief that he had good title to it. *Id.*

The trial court in instructing the jury on the hostility of possession required in order to ripen title by adverse possession followed N.C.P.I.— Civil 820.10. The instruction given was an accurate statement of the law, *see State v. Brooks,* 275 N.C. 175, 166 S.E. 2d 70 (1969); *Dulin v. Faires,* 266 N.C. 257, 145 S.E. 2d 873 (1966), and was warranted by the evidence which clearly tends to show that respondents' possession of the disputed property was such as to give notice that respondents claimed the exclusive right to the property. We therefore find no error in the court's instruction on, or submission of, the issue of respondents' adverse possession under color of title. Because we so hold, we need not address respondents' cross-assignment of error.

No error.

Judges WHICHARD and PHILLIPS concur.