WILLIAM C. HANSON, AND WIFE, ALESE C. HANSON, PLAINTIFFS v. LEGASUS OF
NORTH CAROLINA, LLC, A NORTH CAROLINA LIMITED LIABILITY COMPANY, AND TED
MORLOCK, INDIVIDUALLY, DEFENDANTS

No. COA09-1155

(Filed 6 July 2010)

**Statute of Frauds— specific terms of agreement—not found**

The trial court correctly entered judgment for defendants in
an action arising from a failed real estate closing where the trial
court relied on the statute of frauds in arguments concerning an
agreement to extend the closing date. The record and transcript
do not reveal the terms of the agreement or that the parties ever
came to a meeting of the minds. Without an agreement there
could be no contract, and without a contract the statute of frauds
issue was not reached.

Appeal by plaintiff from judgment entered on 15 June 2009 by
Judge James U. Downs in Superior Court, Jackson County. Heard in
the Court of Appeals 10 February 2010.

*Ridenour & Murphy, P.A., by Eric Ridenour and J. Hunter
Murphy, for plaintiffs-appellants.*

*Coward, Hicks & Siler, P.A., by Andrew C. Buckner, for
defendants-appellees.*

STROUD, Judge.

Plaintiffs sued defendants for money they alleged defendants
owed them pursuant to an agreement between the parties. The trial
court entered judgment in favor of defendants, concluding that the
agreement demonstrated by the evidence was required by N.C. Gen.
Stat. § 22-2, the Statute of Frauds, to be in writing, but that the agree-
ment was not in compliance with the Statute of Frauds. Plaintiffs

appeal. As we can discern no agreement between plaintiffs and defendants, we affirm.

## I. Background

On 20 May 2008, plaintiffs sued defendants alleging that "[o]n or about May 1, 2007, Defendants entered into an agreement wherein Defendant agreed to pay Plaintiffs one hundred thirty-three thousand eight hundred and 00/100 dollars ($133,800.00) with nine percent (9%) interest, due and payable on October 15, 2007." Plaintiffs further alleged that "[d]efendants defaulted in payment[.]" Plaintiffs sued for breach of contract and attorneys' fees. Plaintiffs also requested, in the alternative, a constructive trust.

On 21 July 2008, defendants filed a motion to dismiss plaintiffs' complaint. On 15 September 2008, defendants' motion to dismiss was granted as to the claim for attorneys' fees but otherwise denied. On or about 15 September 2008, defendants answered plaintiffs' complaint and alleged affirmative defenses of accord and satisfaction and the Statute of Frauds. In June 2009, a bench trial was held. The trial court made the following uncontested findings of fact:

1. That in 2006, plaintiffs and defendants entered into a contract for the purchase and sale of real property known as "Trout Creek" in Glenville, North Carolina ("Agreement"), for a purchase price of $3,617,600.00. Said property consists of approximately 261.58 acres and is more particularly described in Deed Book 1471, Page 420 of the Jackson County Public Registry.

2. That the Agreement was memorialized in writing.

3. That pursuant to the Agreement, defendants paid plaintiffs $60,000.00 in earnest money, plus an additional $10,000.00, for a total of $70,000.00 in an earnest money deposit.

4. That pursuant to the Agreement, closing was to occur on or before September 15, 2006.

5. That the closing date of September 15, 2006 arrived but defendants could not close the transaction because they did not have the funds to do so and could not obtain the necessary funds.

6. That proposals were exchanged between the parties to extend the closing date, one of which is plaintiffs' Exhibit 2, in which defendants proposed to pay 15% annual interest on the original purchase price, which sum was to be added to the con-

tract purchase price. Defendants proposed that said sums be paid to plaintiffs in equal monthly installments of $44,500.00 up to and including May 15, 2007, when closing was to occur.

7. That monies were paid by defendants to plaintiffs pursuant to the agreement to extend the closing date of the Agreement and that such monies were accepted by plaintiffs.

8. That defendants failed to make the first two payments to plaintiffs under the agreement to extend the closing date, then made two payments and finally made two more payments for a total of four payments in the total amount of $178,400.00.

8. [sic] That these payments made by defendants to plaintiffs left an outstanding balance under the agreement to extend the closing date of $178,000.00.

. . . .

10. That defendants assigned their interests in the Agreement to J. Patrick Kennedy, Trustee of the Patrick and Patricia Kennedy 2000 Trust u/a/d December 18, 2000 ("Kennedy Trust").

11. That there was no written agreement between defendants and the Kennedy Trust memorializing the assignment, nor was there a written agreement between plaintiffs and the Kennedy Trust regarding what obligations the Kennedy Trust was assuming under the Agreement.

12. That plaintiff William C. Hanson admitted under oath that he had knowledge of and agreed to the assignment of defendants' interests in the Agreement to the Kennedy Trust.

13. That the transaction was in fact closed on May 17, 2007.

14. That the plaintiffs were not physically present at the closing.

15. That at the time of the closing, the plaintiffs were in the country of Nicaragua.

16. That on May 15, 2007, plaintiffs executed a North Carolina General Warranty Deed before a Notary Public, which deed transferred the subject property to the Kennedy Trust.

17. That on November 19, 2007, defendant Ted Morlok emailed plaintiff William C. Hanson and stated, "Tony and I have every intention of paying the note we owe you." Said email was contained in plaintiffs' Exhibit 4.

18. That the note mentioned in the aforementioned email contained in plaintiffs' Exhibit 4 does not exist.

The trial court ordered "that judgment be entered in favor of defendants, that plaintiffs have and recover nothing of defendants and that the costs of this action be taxed to plaintiffs." Plaintiffs appeal.

## II. Standard of Review

In a bench trial in which the superior court sits without a jury, the standard of review is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact by the trial court in a non-jury trial are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable *de novo*.

*Hinnant v. Philips*, 184 N.C. App. 241, 245, 645 S.E.2d 867, 870 (2007) (citation, quotation marks, and ellipses omitted).

## III. Statute of Frauds

In its order, the trial court found "[t]hat both parties agreed that there were outstanding amounts due under the agreement to extend the closing date; however, no written agreement was ever entered into by plaintiffs and defendants regarding the payment of these amounts." The trial court further concluded "[t]hat defendants' obligation to pay plaintiff the outstanding balance under the agreement to extend the closing date, if any, was not in writing and therefore violated the provisions of N.C.G.S. § 22-2." Plaintiffs first contend that "the trial court erred in finding from the evidence presented that the agreement between plaintiffs and defendants concerning extension of the closing date was not in writing and therefore violated the Statute of Frauds." (Original in all caps.)

N.C. Gen. Stat. § 22-2 provides that

[a]ll contracts to sell or convey any lands, tenements or hereditaments, or any interest in or concerning them . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized.

N.C. Gen. Stat. § 22-2 (2007).

In *Hurdle v. White*, this Court noted that

[e]ssential elements of an agreement to sell include a designation of the vendor, the vendee, the purchase price, and a description of the land, the subject-matter of the contract, either certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the contract refers.

*Hurdle v. White* 34 N.C. App. 644, 648, 239 S.E.2d 589, 592 (1977) (citation and quotation marks omitted), *cert. denied,* 294 N.C. 441, 241 S.E.2d 843 (1978).

An agreement is a pre-requisite to a contract and thus also a pre-requisite to a contract which is in compliance with the Statute of Frauds. *See, e.g., McCraw v. Llewellyn,* 256 N.C. 213, 216, 123 S.E.2d 575, 578 (1962) ("*A contract is an agreement* between two or more persons upon sufficient consideration to do or to refrain from doing a particular act." (emphasis added) (citations and quotation marks omitted)); *see also* N.C. Gen. Stat. § 22-2 (noting N.C. Gen. Stat. § 22-2 is applicable to "[a]ll contracts . . ."). Therefore, in order to analyze plaintiffs' issue regarding the Statute of Frauds we must analyze the writings to determine if they demonstrate the terms of an agreement which is sufficiently "certain" to be enforceable. *See Hurdle* at 648, 239 S.E.2d at 592.

Though the trial court's unchallenged findings of fact and conclusions of law provide that an agreement to extend the original closing date of the purchase contract was entered into by the parties, the trial court fails to identify the specific terms of the "extension agreement," but instead merely notes "proposal" terms. We thus turn to the evidence before the trial court, including the documents in the record on appeal and the transcript. After a thorough analysis of the record and transcript before us, we are unable to discern the specific terms of any "extension agreement" between the parties. Plaintiffs' evidence consisted of various writings such as emails and letters. Plaintiffs request that this Court consider "several papers properly connected together[;]" in other words, plaintiffs request that we consider the separate documents in the record in order to compile the terms of the agreement. However, even when we view the record as plaintiffs argue, we are unable to discern a specific agreement between the parties beyond the initial contract to purchase land. The parties exchanged various proposals regarding the extension of the closing date, and some payments were made, but the written documents in the record do not demonstrate that the parties ever came to a meeting of the minds as to the exact terms of their "extension agreement." Plaintiffs also argue that the "extension agreement" was oral and thus

IN RE J.C.

[205 N.C. App. 301 (2010)]

defendants should not be allowed to "avoid their obligations by hiding behind the Statute of Frauds." However, the trial court failed to make any findings or conclusions regarding an oral modification and plaintiffs fail to direct us to any evidence of such a modification. Without an agreement, there can be no contract, and without a contract, we need not reach the issue of compliance with the Statute of Frauds. *See, e.g., McCraw* at 216, 123 S.E.2d at 578; N.C. Gen. Stat. § 22-2. Accordingly, we affirm. *See generally State v. Blackwell*, 246 N.C. 642, 644, 99 S.E.2d 867, 869 (1957) ("The rule is that a correct decision of a lower court will not be disturbed because a wrong or insufficient or superfluous reason is assigned." (citation omitted)).

IV. Conclusion

As we have concluded that the parties never had a meeting of the minds as to the proposed agreement to extend the closing date, we cannot review plaintiff's contentions regarding the Statute of Frauds. Our conclusion also renders plaintiff's other contentions regarding the non-existent "extension agreement" moot, and we need not address them. Therefore, we affirm the trial court's judgment in favor of defendants.

AFFIRMED.

Judges BRYANT and ELMORE concur.