IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-377-2

 Filed: 2 January 2018

New Hanover County, No. 15 CVS 2255

RAYMOND CLIFTON PARKER, Plaintiff,

 v.

MICHAEL DESHERBININ and wife, ELIZABETH DESHERBININ, Defendants.

 Appeal by plaintiff from judgment entered 22 September 2016 and from order

entered 1 December 2016 by Judge Mary Ann Tally in New Hanover County Superior

Court. Heard originally in the Court of Appeals 26 September 2017, and published

opinion filed 17 October 2017. A petition for rehearing was filed 20 November 2017

and allowed on 6 December 2017. Pursuant to the petition for rehearing, the matter

was reheard in the Court of Appeals. This opinion supersedes the 17 October 2017

opinion previously filed in this matter.

 Hodges, Coxe, Potter, & Phillips, LLP, by Bradley A. Coxe, for Plaintiff-
 Appellant.

 H. Kenneth Stephens, II for Defendant-Appellees.

 TYSON, Judge.

 Raymond Clifton Parker (“Appellant”) appeals from denial of a directed verdict

made at the close of Appellant’s evidence and renewed at the close of all evidence

dated 29 August 2016, from a judgment entered on 22 September 2016 in favor of
 PARKER V. DESHERBININ

 Opinion of the Court

Michael and Elizabeth DeSherbinin (collectively “Appellees”), and from an order

dated 1 December 2016, denying Appellant’s motion for judgment notwithstanding

the verdict, to amend the judgment and for a new trial. For the following reasons, we

affirm in part, reverse in part the trial court’s judgment, vacate in part, and remand

for further findings of fact.

 I. Background

 Appellant and Appellees own adjoining tracts of real property located in New

Hanover County, adjacent to the Intracoastal Waterway. Appellant acquired his

property, located at 19 Bridge Rd., from himself as trustee of the Grace Pittman Trust

by a general warranty deed dated 21 December 1983. The deed was recorded on 16

January 1984 in Book 1243, at Page 769, in the New Hanover County Registry.

 The Appellees acquired their property, a vacant lot, located at 1450 Edgewater

Club Rd., by a warranty deed from John Anderson Overton and Holland Ann Overton,

dated 16 December 2013 and recorded 17 December 2013 at Book 5788, at Page 1866,

in the New Hanover County Registry. Appellees purchased their property with the

intent to build a residence. The Appellees hired a surveyor, Marc Glenn, to survey

the property and prepare a plat.

 Glenn’s survey (the “Glenn survey”) fixed the boundary between Appellant’s

and Appellees’ properties to be approximately 5 feet south of the line established in a

survey completed in 1982 by surveyor George Losak (the “Losak survey”) and

 -2-
 PARKER V. DESHERBININ

 Opinion of the Court

recorded at Map Book 21, at Page 63, in the New Hanover County Registry. The

Glenn survey shows a chain link fence installed by Appellant to the north of the

boundary line between the parties’ properties. The Glenn survey failed to reference

the prior recorded Losak surveys or show any overlaps in the surveyed boundary

lines.

 In the Spring of 2014, Appellant and Appellees met regarding the boundary

line between their properties. Appellant informed Appellees of an existing issue

regarding the location of the boundary line. Appellees were also made aware, by their

seller, prior to their purchase, that a dispute existed over the boundary line of the

two properties. Appellees’ attorney closed on the property as shown in the Glenn

survey, certified title thereto and obtained title insurance thereon.

 Appellees filed for a building permit for the residence they intended to

construct at 1450 Edgewater Club Rd. Appellees attached a copy of the Glenn survey

to their building permit application. Appellant complained and shared the recorded

Losak survey with the New Hanover County planning and zoning office, prior to the

issuance of the Appellees’ building permit being issued, but to no avail.

 Appellees continued to build their residence based on their belief the Glenn

survey correctly showed the boundary. Appellant commissioned yet another survey

from Charles Riggs, a registered licensed surveyor (the “Riggs survey”), while

Appellees’ house was under construction.

 -3-
 PARKER V. DESHERBININ

 Opinion of the Court

 Appellant filed an initial complaint on 23 June 2015 and an amended

complaint on 7 January 2016. Appellant asserted claims for negligence, nuisance,

declaratory judgment to identify the boundary line, adverse possession under color of

title, and adverse possession under twenty years of continuous possession. On 4

March 2016, Appellees filed an answer denying Appellant’s claims and a

counterclaim seeking a declaratory judgment to identify and establish the boundary

line based upon their Glenn survey.

 On 29 August 2016, the case came to trial. The parties agreed to waive trial

by jury. Appellant moved for a directed verdict at the close of his evidence and

renewed again at the close of all evidence. These motions were denied.

 Among the findings of fact made by the trial court are the following:

 7. The Plaintiff’s and Defendants’ properties adjoin each
 other with the Defendants’ property lying adjacent to and
 to the north of Plaintiff’s property.

 8. A map of Edgewater Subdivision recorded in Map Book
 2, at Page 113, is the original map of Edgewater
 Subdivision (herein “Edgewater Map”) and created said
 subdivision.

 9. Plaintiff’s and Defendants’ properties are portions of
 Lots 4 and Lot 5 as shown on the map of Edgewater
 Subdivision, as recorded in Map Book 2, at Page 113, of the
 New Hanover County Registry.

 10. The Defendants engaged James B. Blanchard, PLS, a
 licensed registered land surveyor to perform a survey of the
 parties properties in February, 2016 to establish the
 dividing line between Lots 4 and 5 of Edgewater

 -4-
 PARKER V. DESHERBININ

 Opinion of the Court

Subdivision as shown on Map Book 2, at Page 113, of the
New Hanover County Registry and then to establish the
boundary-line between the property of the parties.

11. At the trial of this matter, Defendants presented the
testimony of Mr. Blanchard who was tendered to and
accepted by the Court without objection by Plaintiff as an
expert witness in land surveying.

12. That none of the original monuments shown on the
Edgewater Map could be located by Mr. Blanchard.

13. Mr. Blanchard established the dividing line between
Lots 4 and 5 of Edgewater Subdivision as follows:

a. By determining the northern line of Edgewater
Subdivision by determining the southern line of Avenel
Subdivision, the adjoining property to the north of
Edgewater, as shown on a map recorded in Map Book 31,
at Page 36 (herein “Avenel Map”) and a map recorded in
Map Book 7, at Page 14, both in the New Hanover County
Registry.

b. That concrete monuments evidencing the southern line
of Avenel and the northern line of Edgewater are shown on
the Avenel Map and were located by Mr. Blanchard.

c. Mr. Blanchard established a line southwardly and
perpendicular to the northern line of Edgewater
Subdivision and along the eastern right of way of Final
Landing Lane, as shown on the Edgewater Map, for the
distance shown on the Edgewater Subdivision Map
required to reach the dividing line between Lots 4 and 5 all
as shown on the Edgewater Map.

d. Mr. Blanchard located the northern line of the tract
adjoining Edgewater Subdivision on the south, i.e. the
southern line of Edgewater Subdivision, as shown on a map
recorded in Map Book 11, at Page 17, of the New Hanover
County Registry.

 -5-
 PARKER V. DESHERBININ

 Opinion of the Court

e. Mr. Blanchard found monuments confirming his
determination of the southern line of Edgewater
Subdivision as shown on the original Edgewater Map.

f. That the Edgewater Map showed a fence running along
the northern line of Edgewater Subdivision and that Mr.
Blanchard, during the performance of his field work,
located remnants of a wire fence running along the line
which he determined to be the northern line of Edgewater.

14. The Defendants introduced a map by Mr. Blanchard
dated July 9, 2016 (Defendants’ Exhibit 21, herein the
“Blanchard Map”), showing the findings of his survey and
illustrating his testimony and opinions as to the location of
the boundary-line between Lots 4 and 5 of Edgewater
Subdivision, as well as the boundary-line between the
Defendants’ tract to the north described in Deed Book
5788, at Page 1866, of the New Hanover County Registry,
and Plaintiff’s tract to the south described in Deed Book
1243, at Page 769, of the New Hanover County Registry.

15. George Losak, registered land surveyor, prepared a
map for “The William Lyon Company” dated December 30,
1982, recorded in February 10, 1983 and in Map Book 21,
at Page 63, of the New Hanover County Registry (the
“Losak Survey”) showing or purporting to show the
property later purchased by Plaintiff.

16. In August 1983, Mr. Losak prepared a second map of
the property for “The Grace Pittman Trust” which was
recorded on September 7, 1983 in Map Book 22, at Page 20,
of the New Hanover County Registry. The purpose of this
map was to correct errors contained in the Losak Survey.

17. Plaintiff’s deed dated December 21, 1983 and recorded
on January 16, 1984 referred to the Losak Survey, recorded
in Map Book 21, at Page 63, of the New Hanover County
Registry.

 -6-
 PARKER V. DESHERBININ

 Opinion of the Court

18. The Losak Survey referred to hereinabove depicts pipes
and monuments which Mr. Losak ignored in determining
the boundary-line between the subject properties.

19. The Court finds Mr. Blanchard’s testimony to be
credible and correct as to the location of the boundary-line
between the Plaintiff’s and Defendants’ properties.

20. The true location of the boundary-line between
Plaintiff’s property and Defendants’ property is shown on
the Blanchard Map dated July 9, 2016 which describes the
dividing line between the parties’ properties as follows:

....

21. Defendants purchased their property, also known as
1450 Edgewater Club Road, in December of 2013.

22. At the time the Defendants purchased their property
the Plaintiff and Defendants’ predecessor in title were
engaged in a dispute with regard to the boundary-line
between the parties’ tracts.

....

24. The Defendants hired Polaris Surveying, LLC and
Marc Glenn, PLS to survey the property and prepare a
boundary survey, a site plan, and topographical survey.

25. Marc Glenn determined the boundary-line to be as
shown on his map recorded in Map Book 58, at Page 363,
of the New Hanover County Registry, which is
substantially where Mr. Blanchard locates the boundary-
line.

....

30. After closing on their property the Defendants had a
chance meeting with the Plaintiff on site on or about April

 -7-
 PARKER V. DESHERBININ

 Opinion of the Court

or May of 2014 while they were meeting with a contractor
during the design phase of their home.

31. During this chance meeting Plaintiff raised the
boundary-line issue and told Defendants about the Losak
Survey and the monuments Losak found, but he did not
show any of the monuments to the Defendants nor did he
point them out.

32. In October 2014, after hiring several surveyors and
attempting to hire several other surveyors Plaintiff hired
Charles Riggs to survey his property and to confirm the
description contained on the Losak Surveys.

33. At the time Plaintiff hired Mr. Riggs the Defendants
house was approximately forty percent (40%) complete.

34. Charles Riggs provided the Plaintiff with a survey
reflecting his findings on January 30, 2015.

35. The Defendants first saw the Riggs Survey in 2015
when their house was approximately seventy percent (70%)
complete.

36. The New Hanover County zoning ordinance requires a
minimum side set back of fifteen feet (15’) for structures
built on Defendants’ property.

37. In 1985, the Plaintiff constructed a fence along what he
believed to be the northern-boundary line of his property
and the southern boundary-line of Defendants’ property.
This area is hereto referred to [as] the “Disputed Area”.

38. After 2005, Plaintiff would occasionally reach through
the fence or lean over the fence to trim vines growing on
the property to the north of the fence, the property now
owned by Defendants.

39. The [D]isputed [A]rea could not be mowed because it
was so overgrown. There was nothing visible to indicate

 -8-
 PARKER V. DESHERBININ

 Opinion of the Court

 anyone was in possession of or maintaining the Disputed
 Area.

The trial court also made the following relevant conclusions of law:

 2. Plaintiff’s and Defendants’ chains of title and vesting
 deeds both establish that the dividing line between the
 property, i.e. their common boundary, is the dividing line
 between tracts 4 and 5 of Edgewater Subdivision as shown
 on the map of said subdivision recorded in Map Book 2, at
 Page 113, of the New Hanover County Registry or can only
 be determined by locating the line between Lots 4 and 5 of
 Edgewater Subdivision.

 3. That the true boundary-line between Plaintiff and
 Defendants is as shown on the Blanchard Map referred to
 in the findings of fact and further more particularly
 described as follows:

 ....

 4. That the Defendants were not negligent in purchasing
 their property or in proceeding with the construction of
 their residence on their property.

 5. That the construction and location of Defendants’ home
 does not violate the fifteen foot (15’) minimum side set back
 requirement of the New Hanover County zoning ordinance.

 6. That the actions of the Defendants did not constitute a
 substantial interference with the Plaintiff’s use of his
 property and were not unreasonable and therefore do not
 constitute a nuisance.

 7. That Plaintiff’s possession, if any, of any portion of the
 [D]isputed [A]rea was not open, notorious, or continuous
 and therefore [does] not constitute adverse possession
 either with or without color of title.

 -9-
 PARKER V. DESHERBININ

 Opinion of the Court

 On 22 September 2016, the trial court found in favor of Appellees on all of

Appellant’s claims and entered judgment. Appellant filed a motion for judgment

notwithstanding the verdict, a motion to amend the judgment, and a motion for a new

trial which were all denied by the trial court on 1 December 2016. Appellant timely

filed an amended notice of appeal on 30 December 2016.

 II. Statement of Jurisdiction

 Jurisdiction lies in this Court from a final judgment of the superior court

pursuant to N.C. Gen. Stat. § 7A-27(b) (2015).

 III. Standard of Review

 Where trial is other than by jury, “[t]he trial judge acts as both judge and jury

and considers and weighs all the competent evidence before him. If different

inferences may be drawn from the evidence, the trial judge determines which

inferences shall be drawn and which shall be rejected.” In re Estate of Trogdon, 330

N.C. 143, 147-48, 409 S.E.2d 897, 900 (1991) (emphasis and citation omitted).

 In a bench trial in which the superior court sits without a
 jury, the standard of review is whether there was
 competent evidence to support the trial court’s findings of
 fact and whether its conclusions of law were proper in light
 of such facts. Findings of fact by the trial court in a non-
 jury trial are conclusive on appeal if there is evidence to
 support those findings. A trial court’s conclusions of law,
 however, are reviewable de novo.

Hanson v. Legasus of North Carolina, LLC, 205 N.C. App. 296, 299, 695 S.E.2d 499,

501 (2010) (citation omitted).

 - 10 -
 PARKER V. DESHERBININ

 Opinion of the Court

 IV. Analysis

 Appellant argues several of the trial court’s findings of fact are unsupported by

competent evidence, and several of the trial court’s conclusions of law are not

supported and improper in light of the relevant findings of facts and law. We address

the disputed findings of fact and conclusions of law in turn.

 A. Finding of Fact 37

 Appellant argues no competent evidence supports the trial court’s finding of

fact 37 that “in 1985, the [Appellant] constructed a fence along what he believed to be

the northern-boundary line of his property and the southern boundary-line of

[Appellees’] property.” (Emphasis supplied.). Appellees do not contest Appellant’s

assertion and testimony that the chain link fence was not placed on what Appellant

considered to be the boundary line of the subject properties.

 After reviewing the record and stipulations of counsel at oral argument, we

hold that no evidence supports the trial court’s finding of fact 37 that “Appellant

constructed a fence along what he believed to be the northern-boundary line of his

property.” The overwhelming, non-contradicted evidence indicates Appellant

constructed a fence within the boundary of his property as purportedly established

by the Losak survey.

 Appellant testified at trial that when he purchased the property at 19 Bridge

Rd., a low fence referred to as the “neighbor’s fence” was inside the boundary line on

 - 11 -
 PARKER V. DESHERBININ

 Opinion of the Court

the Losak survey. The Losak survey indicates the “neighbor’s fence” was one to five

feet south of the boundary line purportedly established by the Losak survey.

 Appellant testified that sometime in 1984 or 1985, he constructed a chain link

fence adjacent to the “neighbor’s fence” as indicated on the Losak survey. Appellant

stated he did not put the chain link fence on what he believed to be the property line,

because dogwood trees and vegetation existed along the purported property line.

Appellant stated he wanted enough space to remain between the purported property

line and the chain link fence to prevent the neighbors from damaging the fence.

 Appellant additionally testified the chain link fence had not been moved since

it was constructed in 1984 or 1985. Appellant submitted a photograph labeled

Plaintiff’s Exhibit 25.20 which showed the chain link fence as it was located in the

mid-1980’s and in the present day.

 Appellant’s expert, Charles Riggs, produced a survey which shows the Losak

survey line claimed by Appellant and the Blanchard survey line claimed by Appellees,

and determined by the trial court to be the boundary line. The Riggs survey indicates

the chain link fence was located between the disputed survey lines.

 Also submitted into evidence was a 5 December 2013 email from Holly

Overton, Appellees’ predecessor-in-title to 1450 Edgewater Club Rd., to Nicole

Valentine, the buyer’s agent for Appellees, which discusses the location of the chain

link fence. In her email, Ms. Overton mentioned the Losak survey line and the

 - 12 -
 PARKER V. DESHERBININ

 Opinion of the Court

Blanchard survey line and stated the chain link fence “is located in the middle of the

two property lines mapped.”

 As Appellant accurately argues, no testimony or other evidence supports the

trial court’s finding of fact 37 that “in 1985, the [Appellant] constructed a fence along

what he believed to be the northern-boundary line of his property and the southern

boundary-line of [Appellees’] property.” Appellees’ only argument against Appellant

on this point is that because “Appellant never located the chain link fence on the

ground it is impossible to locate the fence with any more precision.”

 However, counsel agree the chain link fence is “known and visible” and is in

the same location it was in when Appellant first built it in 1984 or 1985.

Furthermore, no evidence was presented at trial to contradict the location of the chain

link fence as surveyed by Appellant’s surveyor, Riggs.

 No competent evidence supports the trial court’s finding of fact 37.

 B. Finding of Fact 39

 Appellant argues insufficient evidence supports the trial court’s finding of fact

39: “The [D]isputed [A]rea could not be mowed because it was so overgrown. There

was nothing visible to indicate anyone was in possession of or maintaining the

Disputed Area.” Appellees concede competent evidence was presented of Appellant’s

open and continuous possession of that portion of the Disputed Area up to the location

of Appellant’s chain link fence.

 - 13 -
 PARKER V. DESHERBININ

 Opinion of the Court

 Appellant produced photographs, admitted into evidence, which tend to show

the condition of the property as maintained by Appellant since he first acquired it in

1983. Appellant’s unchallenged photographs depict a maintained and cleared lawn,

with storage and buildings established along the fence line.

 An email from Holly Overton, the Appellees’ predecessor-in-title to 1450

Edgewater Club Rd., to Nicole Valentine, the Appellees’ agent, stated Appellant

would trim bushes along the chain link fence in the Disputed Area and store his

equipment. Appellees presented no evidence to dispute Appellant’s continued

maintenance of the property in the portion of the Disputed Area south of the chain

link fence.

 The trial court’s finding of fact 39 is not supported by competent evidence, to

the extent it expresses the Disputed Area “could not be mowed because it was so

overgrown. There was nothing visible to indicate anyone was in possession of or

maintaining the Disputed Area.”

 C. Conclusion of Law 7

 Appellant argues the trial court’s conclusion of law 7 is in error based upon the

law of adverse possession and the unsupported findings of fact that he did not use,

maintain, and possess the Disputed Area on his property’s side of the chain link fence.

 - 14 -
 PARKER V. DESHERBININ

 Opinion of the Court

 Conclusion of law 7 states: “That Plaintiff’s possession, if any, of any portion of

the [D]isputed [A]rea was not open, notorious, or continuous and therefore [does] not

constitute adverse possession either with or without color of title.”

 1. Adverse Possession for Twenty Years

 In North Carolina, “[t]o acquire title to land by adverse possession, the

claimant must show actual, open, hostile, exclusive, and continuous possession of the

land claimed for the prescriptive period[.]” Jones v. Miles, 189 N.C. App. 289, 292,

658 S.E.2d 23, 26 (2008) (citation and quotation marks omitted); Federal Paper Board

Co. v. Hartsfield, 87 N.C. App. 667, 671, 362 S.E.2d 169, 171 (1987) (holding that

“[t]itle to land may be acquired by adverse possession when there is actual, open,

notorious, exclusive, continuous and hostile occupation and possession of the land of

another under claim of right or color of title for the entire period required by the

statute.”) (internal quotation marks and citation omitted).

 Adverse possession of privately owned property without color of title must be

maintained for twenty years in order for the claimant to acquire title to the land. N.C.

Gen. Stat. § 1-40 (2015).

 Presuming, arguendo, the trial court was correct in determining the Blanchard

survey line was the correct boundary line between the parties’ properties of Lots 4

and 5, uncontradicted evidence proves Appellant’s actual occupation and continuous

use of the property on the southern half of the Disputed Area since he acquired 19

 - 15 -
 PARKER V. DESHERBININ

 Opinion of the Court

Bridge Rd. in the early 1980s.

 Appellant’s installation of the chain link fence and his admitted maintenance

of the area around and inside it since he established the fence in 1984 or 1985 shows

his actual, open, notorious, exclusive and hostile use of property located on the south

side of the chain link fence in the Disputed Area to support his claim for adverse

possession under the requisite twenty year possession period. See Blue v. Brown, 178

N.C. 334, 337, 100 S.E. 518, 519 (1919) (holding a fence, maintained for many years,

a hedgerow and possession for 30 or 40 years justified verdict for adverse possession);

Brittain v. Correll, 77 N.C. App. 572, 575, 335 S.E.2d 513, 515 (1985) (holding a fence

and other outbuildings showed claimants were asserting exclusive right over the

disputed property); Snover v. Grabenstein, 106 N.C. App. 453, 459, 417 S.E.2d 284,

287 (1992) (holding that fence in place for more than fifty years such that the

possession exercised by parties on either side of it was open, notorious and continuous

so as to constitute adverse possession).

 Appellees presented no evidence that they, or their predecessors-in-title,

disputed or gave permission to Appellant to erect his chain link fence in the Disputed

Area, until they sent a letter to Appellant in 2014, more than thirty years after

Appellant built the fence. Appellees presented no evidence that anyone, other than

Appellant, claimed, used, or maintained the area on the south side of the chain link

fence after Appellant acquired 19 Bridge Rd. in 1983.

 - 16 -
 PARKER V. DESHERBININ

 Opinion of the Court

 The uncontradicted evidence shows Appellant’s actual, open, notorious,

exclusive, continuous and hostile occupation and possession of the area on the south

side of the chain link fence within the Disputed Area for the statutory period. See

Federal Paper Board, 87 N.C. App. at 671, 362 S.E.2d at 171.

 Appellees’ counsel conceded at oral argument before this Court that

Appellant’s uncontradicted evidence established adverse possession to the portion of

the Disputed Area on the south side of the chain link fence. The trial court erred, as

a matter of law, in concluding Appellant had not established adverse possession to

the south side of the Disputed Area bounded by the chain link fence.

 2. Color of Title

 Appellant argues he is entitled to the entire Disputed Area on the north and

south side of the chain link fence through adverse possession under color of title.

 Appellant asserts the deed under which he acquired title to 19 Bridge Rd.

establishes color of title so that he is entitled to the area of property located north of

the chain link fence in the Disputed Area by adverse possession under color of title.

By statute, when the claimant’s possession is maintained under an instrument that

constitutes “color of title,” the prescriptive period is reduced from twenty to seven

years. N.C. Gen. Stat. § 1-38(a) (2015).

 Appellees argue Appellant’s adverse possession under color of title claim fails,

as a matter of law, because the Losak survey referenced in Appellant’s deed stated

 - 17 -
 PARKER V. DESHERBININ

 Opinion of the Court

an incorrect boundary line.

 Our Supreme Court has held:

 A deed offered as color of title is such only for the land
 designated and described in it. Norman v. Williams, 241
 N.C. 732, 86 S.E.2d 593; Locklear v. Oxendine, 233 N.C.
 710, 65 S.E.2d 673; Barfield v. Hill, 163 N.C. 262, 79 S.E.
 677. “A deed cannot be color of title to land in general, but
 must attach to some particular tract.” Barker v. Southern
 Railway, 125 N.C. 596, 34 S.E. 701. To constitute color of
 title a deed must contain a description identifying the land
 or referring to something that will identify it with
 certainty. Carrow v. Davis, 248 N.C. 740, 105 S.E.2d 60;
 Powell v. Mills, 237 N.C. 582, 75 S.E.2d 759.

 ....

 When a party introduces a deed in evidence which he
 intends to use as color of title, he must, in order to give
 legal efficacy to his possession, prove that the boundaries
 described in the deed cover the land in dispute. Smith v.
 Fite, 92 N.C. 319. He must not only offer the deed upon
 which he relies for color of title, he must by proof fit the
 description in the deed to the land it covers-in accordance
 with appropriate law relating to course and distance, and
 natural objects and other monuments called for in the deed.
 Wachovia Bank & Trust Co. v. Miller, 243 N.C. 1, 89 S.E.2d
 765; Skipper v. Yow, 238 N.C. 659, 78 S.E.2d 600; Williams
 v. Robertson, 235 N.C. 478, 70 S.E.2d 692; Locklear v.
 Oxendine, supra; Smith v. Benson, 227 N.C. 56, 40 S.E.2d
 451.

McDaris v. “T” Corp., 265 N.C. 298, 300-01, 144 S.E.2d 59, 61 (1965) (emphasis

supplied).

 A plaintiff’s burden at trial is also well established:

 [I[n order to present a prima facie case [of adverse

 - 18 -
 PARKER V. DESHERBININ

 Opinion of the Court

 possession], [a plaintiff] must . . . show that the disputed
 tract lies within the boundaries of their property. See Cutts
 v. Casey, 271 N.C. 165, 167, 155 S.E.2d 519, 521
 (1967); Batson v. Bell, 249 N.C. 718, 719, 107 S.E.2d 562,
 563 (1959). Plaintiffs thus bear the burden of establishing
 the on-the-ground location of the boundary lines which they
 claim. Virginia Electric and Power Co. v. Tillett, 80 N.C.
 App. 383, 391, 343 S.E.2d 188, 194, disc. review denied, 317
 N.C. 715, 347 S.E.2d 457 (1986). If they introduce deeds
 into evidence as proof of title, they must “locate the land by
 fitting the description in the deeds to the earth's
 surface.” Andrews v. Bruton, 242 N.C. 93, 96, 86 S.E.2d
 786, 788 (1955).

Chappell v. Donnelly, 113 N.C. App. 626, 629, 439 S.E.2d 802, 805 (1994) (emphasis

supplied).

 The evidence shows Appellant acquired title to 19 Bridge Rd. pursuant to a

recorded deed in 1983. Appellant’s deed contains a metes-and-bounds description,

and refers and incorporates into the deed the recorded survey prepared by George

Losak. See Collins v. Land Co., 128 N.C. 563, 565, 39 S.E. 21, 22 (1901) (“[A] map or

plat, referred to in a deed, becomes a part of the deed as if it were written therein[.]”).

 The trial court’s conclusion of law 7 is not supported by the trial court’s findings

of fact and is in error as a matter of law, to the extent it states Appellant has not

established adverse possession of the Disputed Area south of the chain link fence.

See Hanson, 205 N.C. App. at 299, 695 S.E.2d at 499. There remain unresolved

factual issues of whether the metes-and-bounds description contained in Appellant’s

deed and the incorporated reference to the Losak survey accurately describe the

 - 19 -
 PARKER V. DESHERBININ

 Opinion of the Court

extent of Appellant’s property.

 Even though the trial court found the Blanchard survey accurately shows the

true boundary line between the Appellant and Appellees’ properties, the court made

no findings regarding whether Appellant had shown the on-the-ground boundary

lines described in his deed and depicted in the Losak survey referenced therein. To

determine whether Appellant has adversely possessed the remaining portion of the

Disputed Area under color of title, it is necessary for the trial court to make findings

of fact regarding whether Appellant can fit the description of the deed and survey

under which he claims color of title to the portion of the Disputed Area north of his

chain link fence. See Andrews, 242 N.C. at 96, 86 S.E.2d at 788.

 We reverse and remand this matter to the trial court to determine whether the

deed and survey under which Appellant acquired title sufficiently describes the

remaining portion of the Disputed Area.

 3. Lappage

 Appellant argues this case involves an issue regarding the parties presenting

overlapping claims of ownership to the Disputed Area, known as a “lappage.”

 In a case of “lappage,” a dispute between property owners where their

respective titles purport to grant ownership to and over an overlapping area, the

adverse claimant is not required to show actual possession of the entire area under

lappage:

 - 20 -
 PARKER V. DESHERBININ

 Opinion of the Court

 It is thoroughly established law that when a person having
 color of title to a particular tract of land, which the written
 instrument, that is color of title, describes by known and
 visible lines and boundaries, enters into and adversely
 holds a part of such tract under the authority ostensibly
 given him by such instrument asserting ownership of the
 whole, his ensuing possession is not limited to the portion
 of the tract as to which there has been an entry or actual
 possession, but is commensurate with the limits of the tract
 to which the instrument purports to give him title, provided
 that at the inception, and during the continuance of the
 possession, there has been no adverse possession of the
 tract in whole or in part by another: and in this State such
 possession, if exclusive, open, continuous and adverse for
 seven consecutive years, the title being out of the State,
 will ripen into an unimpeachable title to the whole,
 provided there has been and is no adverse possession of the
 tract in whole or in part during such seven consecutive
 years by another.

Wachovia Bank & Tr. Co. v. Miller, 243 N.C. 1, 6, 89 S.E.2d 765, 769 (1955) (emphasis

supplied) (citations omitted).

 If on remand, the trial court determines the Appellant’s metes-and-bounds

deed description and incorporated reference to the Losak survey contained in

Appellant’s deed can be located upon the ground and is sufficient to establish

Appellant possessed color of title to the remaining Disputed Area, Appellant will be

entitled to quiet title to the entirety of the Disputed Area, based on his undisputed

adverse possession for twenty years of that portion of the Disputed Area south of the

chain link fence. See id.

 D. Nuisance and Negligence Claims

 - 21 -
 PARKER V. DESHERBININ

 Opinion of the Court

 Appellant asserted claims for negligence and nuisance in his amended

complaint based on Appellees’ purported violation of New Hanover County’s 15 foot

setback requirement. Appellees presented evidence that they filed their building

permit application and site plan in reliance upon their surveyor’s plat and closing

attorney’s opinion of title, which did not indicate any encroachments into the setback

area. Appellees have made no improvements located upon Appellant’s property.

 The true boundary line between the parties’ properties has not yet been

determined. Because this material factual issue has not been resolved, those portions

of the trial court’s judgment dismissing Appellant’s negligence and nuisance claims

with prejudice were premature and must be vacated.

 V. Conclusion

 A review of the record evidence and the testimony presented at trial and

stipulations of counsel on appeal shows some of the findings of fact made by the trial

court are not supported by any competent, substantial evidence. The trial court’s

conclusion that Appellant was not entitled to the portion on the south side of the

chain link fence within the Disputed Area by virtue of adverse possession for twenty

years is error as a matter of law.

 Unresolved factual issues remain regarding whether Appellant’s deed and the

recorded Losak survey referenced and incorporated therein provide color of title to

the entirety of the Disputed Area, requiring remand to the trial court for further

 - 22 -
 PARKER V. DESHERBININ

 Opinion of the Court

findings of fact. Conclusion of law 7 is reversed and the matter remanded to the trial

court to make additional findings of fact and conclusions of law with regard to

Appellant’s claim of adverse possession by color of title, and to enter judgment

accordingly. The trial court’s dismissal of Appellant’s negligence and nuisance claims

with prejudice is vacated.

 We remand this case with instructions to the trial court to enter judgment to

quiet title and award Appellant ownership to the portion of the Disputed Area on the

south side of Appellant’s chain link fence. If the physical location of the chain link

fence is not otherwise sufficiently located, the trial court is to direct James Blanchard,

P.L.S. or another licensed surveyor, to physically locate, fit and describe the location

of Appellant’s chain link fence. The expense of said survey shall be taxed as court

costs.

 On remand, Appellant bears the burden of establishing that the boundaries

described in his deed and the incorporated Losak survey, through which he acquired

title to 19 Beach Rd., describe the portion of the Disputed Area north of the chain link

fence. See McDaris, 265 N.C. at 300-01, 144 S.E.2d at 61.

 If the trial court finds and concludes that Appellant meets this burden, the

trial court is to also enter judgment quieting title and awarding Appellant ownership

of that portion of the Disputed Area north of the chain link fence and to the entire

Disputed Area. See Wachovia Bank, 243 N.C. at 6, 89 S.E.2d at 769.

 - 23 -
 PARKER V. DESHERBININ

 Opinion of the Court

 The decision of the trial court is affirmed in part, reversed in part, vacated in

part, and the case is remanded for further findings as noted herein. It is so ordered.

 AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND

 REMANDED.

 Judges BRYANT and INMAN concur.

 - 24 -