IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-377-2

Filed 2 January 2024

Guilford County, No. 19 SP 1132

IN THE MATTER OF THE ADOPTION OF:

B.M.T., a minor.

On remand from the Supreme Court of North Carolina by Order dated 15 November 2023. Appeal by Petitioners from Order entered 16 September 2021 by Judge Teresa H. Vincent in Guilford County Superior Court. Originally heard in the Court of Appeals 1 November 2022 with opinion issued 20 December 2022. *Matter of Adoption of B.M.T.*, 287 N.C. App. 95, 882 S.E.2d 145 (2022).

*Manning, Fulton, & Skinner, P.A., by Michael S. Harrell, for Petitioners-Appellants.*

*Lindley Law Firm, PLLC, by Kathryn S. Lindley, for Respondent-Appellee.*

HAMPSON, Judge.

## **Background**

Respondent is the biological father of Layla.[1] Petitioners are the prospective adoptive parents of Layla. Without Respondent's knowledge or consent, on 13 June

---

[1] A pseudonym used for the minor child designated in the caption as B.M.T.

2019, Layla's biological mother placed Layla with Petitioners for the purpose of adoption. On 20 June 2019, Respondent and Mother executed a Voluntary Acknowledgement of Paternity with the State of Tennessee. Subsequently, Respondent's name was added to Layla's birth certificate, and Layla's surname was changed to the surname of Respondent. Petitioners filed a Petition to adopt Layla on 27 June 2019. On 16 September 2021, the trial court entered an Order concluding Respondent's consent to the minor child's adoption is required pursuant to N.C. Gen. Stat. § 48-3-601.

On 20 December 2022, we issued a unanimous opinion affirming the trial court and concluding Respondent's consent to adoption was required before Petitioners could adopt Layla. *Matter of Adoption of B.M.T.*, 287 N.C. App. 95, 882 S.E.2d 145 (2022). We held Respondent's consent was required under N.C. Gen. Stat. § 48-3-601 because we agreed with the trial court's determination that Respondent provided, in accordance with his financial means, reasonable and consistent payments for the support of both Layla's biological mother and Layla to satisfy the requirement of N.C. Gen. Stat. § 48-3-601(2)(b)(4)(II) (2021).

On 24 January 2023, Petitioners filed a Petition for Discretionary Review in the Supreme Court of North Carolina. The Supreme Court granted discretionary review on 4 April 2023. On 15 November 2023, the Supreme Court issued an Order stating in full: "Reversed for the reasons stated in *In re C.H.M.*, 371 N.C. 22 (2018), and remanded for consideration of any outstanding issues on appeal."

- 2 -

## Analysis

In our prior opinion, we analyzed, applied, and—solely on the facts of this case—ultimately distinguished *In re C.H.M.*, explaining our reasoning, discussing related cases, and how we reached our conclusion in this case. Our Supreme Court, however, provided no explanation for its decision as to why our prior decision should be reversed, thereby leaving a rather significant question mark in this important area of law. Nevertheless, we are bound by the Supreme Court's Order to simply consider any remaining outstanding issues on appeal.

Our faithful consideration of the outstanding issues on appeal here reveals an alternative basis for affirming the trial court's decision. On appeal to this Court, Respondent, in his principal Appellee's Brief, argued the parties' execution of a Voluntary Acknowledgement of Paternity in Tennessee prior to the filing of the North Carolina adoption petition served as a legitimation under Tennessee law. As such, Respondent contends Respondent's consent is required prior to Layla's adoption under the separate ground of N.C. Gen. Stat. § 48-3-601(2)(b)(3).

N.C. Gen. Stat. § 48-3-601(2)(b)(3) provides in a direct placement, consent is required of a man who may or may not be the biological father but who "[b]efore the filing of the [adoption] petition, has legitimated the minor under the law of any state[.]" N.C. Gen. Stat. § 48-3-601(2)(b)(3) (2021). Here, the trial court found:

> 10. The Respondent filed a Voluntary Acknowledgment of Paternity in Tennessee on June 20, 2019, before the petition for adoption was filed with the Clerk of Superior Court in Guilford

County; further that the mother of the child executed the document on June 20, 2019 and that both signatures were notarized on June 20, 2019.

11. The Tennessee Voluntary Acknowledgment of Paternity specifically provides that this document allows the legal father "the ability to protect your legal rights by having a say in any attempted adoption of your child by others"; a certified copy of this document dated July 18, 2019, was provided to this Court as Respondent's Exhibit 20; further the Acknowledgment and the certified copy were dated prior to Respondent being served with the Notice of the Petition for Adoption in this case.

12. Tennessee was the home state of the minor child and Tennessee law clearly provides that once the father has voluntarily acknowledged paternity the father's consent is necessary.

To the extent these are Factual Findings, Petitioners have not challenged the sufficiency of the evidence to support these Findings, and these Findings are binding on appeal. *In re Schiphof*, 192 N.C. App. 696, 700, 666 S.E.2d 497, 500 (2008) ("Unchallenged findings of fact are presumed correct and are binding on appeal."). Moreover, as noted by the trial court, the evidence in the Record quite plainly supports the Finding Respondent filed a Voluntary Acknowledgement of Paternity in Tennessee before the filing of the adoption petition in North Carolina. Respondent's Exhibit 20, contained in the Record Supplement, is a certified copy of the Voluntary Acknowledgement of Paternity from the Tennessee Department of Health with the notarized signatures of both Respondent and the biological mother dated 20 June 2019. Thus, the trial court's Factual Findings are supported by evidence in the Record. *See Hanson v. Legasus of N.C., LLC*, 205 N.C. App. 296, 299, 695 S.E.2d 499,

501 (2010).

In their Reply Brief to this Court, Petitioners contended the Voluntary Acknowledgement of Paternity is itself insufficient to establish legitimation in Tennessee and that Tennessee instead requires an Order of Parentage. The Tennessee Court of Appeals has, however, held the opposite:[2]

> Mother also appears to rely somewhat on Chapter 36 of the Tennessee Code, arguing that "[t]here is nothing in the statute which establishes the procedure by which parentage is ordered which substitutes a Voluntary Acknowledgment of Paternity for an Order of Parentage." Respectfully, we disagree with Mother's interpretation of the applicable Tennessee statutes to the extent that she maintains that an order of parentage is the only mechanism by which a father may establish parentage and acquire standing to sue for custody or visitation. Tennessee Code Annotated section 36-2-301 serves as a statement of purpose regarding the subsequent statutes regarding paternity and legitimation in the Tennessee Code. It expressly states that "[t]his chapter provides a single cause of action to establish parentage of children other than by adoption . . . *or by acknowledgment of parentage . . .*" Tenn. Code Ann. § 36-2-301. Furthermore, Tennessee Code Annotated section 36-2-305(b)(1) states that "[a]bsent an agreement or *an acknowledgement of parentage* as prescribed by § 68-3-203(g), § 68-3-302, or § 68-3-305(b), a complaint to establish parentage may be filed." Tenn. Code Ann. § 36-2-305(b)(1). These referenced provisions from Title 68 are the very provisions pursuant to which a VAP under Tennessee Code Annotated section 24-7-113 is completed. *See* Tenn. Code Ann. 24-7-113(a) ("A voluntary acknowledgment of paternity which is completed under § 68-3-203(g), § 68-3-302, or § 68-3-305(b) or under similar provisions of another state or government shall constitute a legal finding of paternity on the individual named as the father of the child in the acknowledgment[.]").

---

[2] We quote extensively from the Tennessee Court of Appeals' opinion as we defer to that Court on matters of Tennessee law rather than apply our own interpretation.

Based on our plain reading of the applicable statutes, it appears that the Code provides for multiple ways in which parentage may be established rather than the sole option of filing suit to specifically establish same. As indicated above, the statement of purpose in section 36-2-301 itself notes that parentage may be established by ways other than a cause of action to establish parentage of children by its inclusion of "other" along with express mentions of both adoption and acknowledgment of parentage. This language alone indicates that an order establishing parentage is not the sole manner in which a father may obtain standing to sue for custody and visitation rights.

*Baxter v. Rowan*, 620 S.W.3d 889, 895-96 (Tenn. Ct. App. 2020). Indeed, as *Baxter*

points out, under the Tennessee statute:

A voluntary acknowledgment of paternity which is completed under § 68-3-203(g), § 68-3-302, or § 68-3-305(b) by an unwed father or under similar provisions of another state or government shall constitute a legal finding of paternity on the individual named as the father of the child in the acknowledgment, subject to rescission as provided in subsection (c). The acknowledgment, unless rescinded pursuant to subsection (c), shall be conclusive of that father's paternity without further order of the court.

Tenn. Code Ann. § 24-7-113(a).

Here, the Voluntary Acknowledgement of Paternity constitutes a legal finding

of paternity. Moreover, Tennessee statutes provide for a unified process equating

establishing paternity with legitimation.[3] Again re-emphasizing the Tennessee

Court of Appeals' decision in *Baxter*:

Tennessee Code Annotated section 36-2-301 serves as a statement of purpose regarding the subsequent statutes regarding paternity and legitimation in the Tennessee Code. It

---

[3] Unlike North Carolina. *See* N.C. Gen. Stat. § 49-14(a) (2021).

> expressly states that "[t]his chapter provides a single cause of action to establish parentage of children other than by adoption . . . *or by acknowledgment of parentage . . .*" Tenn. Code Ann. § 36-2-301. Furthermore, Tennessee Code Annotated section 36-2-305(b)(1) states that "[a]bsent an agreement *or an acknowledgement of parentage* as prescribed by § 68-3-203(g), § 68-3-302, or § 68-3-305(b), a complaint to establish parentage may be filed." Tenn. Code Ann. § 36-2-305(b)(1). These referenced provisions from Title 68 are the very provisions pursuant to which a VAP under Tennessee Code Annotated section 24-7-113 is completed. *See* Tenn. Code Ann. 24-7-113(a) ("A voluntary acknowledgment of paternity which is completed under § 68-3-203(g), § 68-3-302, or § 68-3-305(b) or under similar provisions of another state or government shall constitute a legal finding of paternity on the individual named as the father of the child in the acknowledgment[.]").

*Baxter*, 620 S.W.3d at 896; *see* Tenn. Code Ann. § 36-2-301 ("This chapter provides a single cause of action to establish parentage of children other than establishment by adoption pursuant to chapter 1 of this title, or by acknowledgement of parentage pursuant to § 68-3-203(g), § 68-3-302 or § 68-3-305(b)."). Under Tennessee law, and in light of *Baxter*, the Voluntary Acknowledgement of Parentage entered in this case constitutes legitimation. This legitimation occurred prior to the filing of the adoption petition in this case.

Thus, before the filing of the adoption petition in this case, Respondent legitimated the minor under the law of Tennessee. Therefore, under N.C. Gen. Stat. § 48-3-601(2)(b)(3), Respondent's consent is required prior to Layla's adoption by Petitioners. Consequently, on this alternative basis, the trial court did not err in concluding Respondent's consent was required in order for Layla to be legally

adopted.

## **Conclusion**

Accordingly, for the foregoing reasons, we again affirm the trial court's 16 September 2021 Order requiring Respondent's consent prior to the adoption of the minor child.

AFFIRMED.

Chief Judge STROUD concurs.

Judge STADING concurs in result.